■ In the Matter of the Claim of CHARLOTTE V. ROBERTS, Respondent, v AGWAY, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent.

WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 9, 1978, which found an occupational disease and resulting death of claimant's husband due to exposure to harmful dust during his employment as manager of a seed, feed and fertilizer business and discharged the Special Disability Fund under subdivision 8 of section 15 of the Workers' Compensation Law. Appellants contend that the claim is subject to the provisions of section 15 (subd 8, par [ee]) of the Workers' Compensation Law, relating to death due to silicosis or other dust disease, and, therefore, reimbursable from the Special Disability Fund. Claimant's husband had worked in a feed store for 37 years prior to his death in 1968. However, only the last four months of his career were spent in the employ of appellant Agway, Inc. Even though the decedent's duties for appellant generally kept him out of the dust, the board found that the evidence established exposure to harmful dust for a period of more than 60 days (see Workers' Compensation Law, § 47). The board further found that as a result of the injurious exposure, the decedent had incurred chronic bronchitis, diffuse pulmonary emphysema and chronic corpulmonale, resulting in his death on March 29, 1968. This court affirmed without opinion an award to the claimant because her decedent's occupational disease due to exposure to harmful dust was causally related to death. Appellants herein seek to share the burden of that award with the Special Disability Fund. Cereal grain exposure is not within the scope of "dust diseases" covered by section 3 (subd 2, par 28) of the Workers' Compensation Law and, by reference, section 15 (subd 8, par [ee]) of that same law *(Matter of Lawton v Port of New York Auth.,* 276 App Div 81, mot for lv to app den 300 NY 761). The "dust diseases" phraseology of the statutes include only those in the pneumoconiosis group such as silicosis, anthraeosis (coal dust) and siderosis (iron and steel dust) *(Matter of Nick v Meyer Co.,* 26 AD2d 878, mot for lv to app den 19 NY2d 579; *Matter of Lawton v Port of New York Auth., supra).* Our earlier decision established only that claimant had provided substantial evidence on the issue of causal relationship justifying the award for occupational disease. Here, the issue is classification of the disease. The medical testimony is in agreement that claimant's decedent did not suffer from silicosis or other pneumoconiosis. Since the board's decision is supported by substantial evidence where it chooses between conflicting medical opinion *(Matter of Sanderson v Curley,* 65 AD2d 641; *Matter of Morse v New Rochelle Municipal Housing Auth.,* 64 AD2d 730), when, as here, it adopts the unanimous medical position, its decision must be affirmed. Decision affirmed, with costs to the Special Disability Fund against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Kane and Mikoll, JJ., concur; Main, J., not taking part.