In the Matter of the Claim of WINONA SMITH, Individually and on Behalf of EDWARD SMITH, Deceased, Appellant, v CERTAIN TEED PRODUCTS CORP. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 19, 1980, which ruled that the claims were barred by the provisions of section 40 of the Workers' Compensation Law. Claimant's deceased was exposed to asbestos dust while employed by Certain Teed Products Corporation between July 1, 1966 and June 1, 1972. He became disabled on January 18, 1975, learned that he was suffering from the work-related disease of mesothelioma in December of 1975, and died from that disease on February 15, 1976. The deceased's disability claim and claimant's death claim were ultimately disallowed and their cases closed by the board on the ground they were barred by the provisions of section 40 of the Workers' Compensation Law, which states that "[n]either the employee nor his dependents shall be entitled to compensation for disability or death resulting from disease unless the disease is due to the nature of his employment and contracted therein * * * within the twelve months previous to the date of disablement". On this appeal, claimant contends that the claims should not have been disallowed since section 44-a rather than section 40 of the Workers' Compensation Law applied to the deceased's disease. Section 44-a provides a more lenient timetable for the filing of claims resulting from "silicosis or other dust diseases". In particular, it excludes from the provisions of section 40 those claims relating to silicosis and other dust diseases and makes the employer liable for claims resulting from injurious exposures to these diseases even when the disability or death does not occur within 12 months. Thus, simply stated, the sole issue raised by this appeal is whether mesothelioma is a dust disease within the meaning of section 44-a of the Workers' Compensation Law (see, also, Workers' Compensation Law, § 3, subd 2, par 29; § 28). While recognizing that there is a body of case law which limits the phrase "dust disease" as used in the Workers' Compensation Law to those within the pneumoconiosis group, and further conceding that mesothelioma is not a dust disease within the pneumoconiosis group, claimant argues that the purpose behind the initial judicial decision limiting the phrase "dust disease" to those within the pneumoconiosis group has changed. When this court first interpretated dust diseases to be limited to those of the pneumoconiosis classification (*Matter of Lawton v Port of New York Auth.*, 276 App Div 81, 85, mot for lv to app den 300 NY 761), the reason for narrowly defining that phrase was to expand the group of occupational diseases for which awards could be given for *partial* disability and restrict those "dust diseases" which required *total* disability as a prerequisite for an award. Since the Workers' Compensation Law now permits awards for partial disabilities resulting from dust diseases (Workers' Compensation Law, § 3, subd 2, par 29, as amd by L 1974, ch 577, § 1), claimant argues that the reasoning behind the initial limitation of dust diseases no longer exists and that the judicial limitation of the phrase to diseases within the pneumoconiosis group should be overturned. We decline to do so. Section 44-a was added to the Workers' Compensation Law in 1947 (L 1947, ch 431, § 10) and has been amended twice (L 1957, ch 938; L 1965, ch 613) since the *Lawton* decision. In neither amendment was the phrase "silicosis or other dust disease" changed. Case law has consistently adhered to *Lawton* and limited the phrase "dust disease" to those within the pneumoconiosis group (*Matter of Roberts v Agway, Inc.*, 71 AD2d 733; *Matter of Viskovich v Keasbey Co.*, 36 AD2d 665, mot for lv to app den 29 NY2d 483; *Matter of Nick v Meyer Co.*, 26 AD2d 878, mot for lv to app den 19 NY2d 579). Finally, the

very legislative amendment which claimant argues undermines the reasoning behind the *Lawton* decision involved an extensive review of those sections in the Workers' Compensation Law dealing with silicosis and other dust diseases and yet left that judicially construed phrase intact (see L 1974, ch 577). Accordingly, it is our view that the phrase "dust diseases", as found in the Workers' Compensation Law, continues to apply only to those of the pneumoconiosis classification. The Legislature is presumed to have been aware of judicial decisions to that effect and their failure to change the phrase when amending the statute indicates their agreement with those decisions (see McKinney's Cons Laws of NY, Book 1, Statutes, pp 353-354). In view of the continuing controversy over the etiology of mesothelioma, any change in the classification of this disease should be the result of legislative, rather than judicial initiative. The board's decision in this matter applying section 40 to the claims should, therefore, be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.