In the Matter of the Claim of FRANK D. GRAHAM, Appellant, v ARMSTRONG CONTRACTING AND SUPPLY COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, February 26, 1987

## APPEARANCES OF COUNSEL

*Buckley & Mendleson, P. C. (Ira Mendleson, III,* of counsel), for appellant.

*Sullivan, Rehfuss, Cunningham & Brennan (Robert R. Snashall, III,* of counsel), for Aetna Insurance Company, respondent.

## OPINION OF THE COURT

MIKOLL, J.

The issue before us is whether Workers' Compensation Law § 39, as amended by Laws of 1974 (ch 577), covers claimant who had exposure to harmful dust from 1931 to 1966 and from 1971 until November 1974. He was diagnosed as having asbestosis on December 3, 1979. The Workers' Compensation Board held that Workers' Compensation Law § 39 requires that a worker partially disabled by a dust disease must work in the State under injurious conditions for six months after July 1, 1974 to be eligible for compensation and claimant, having failed to meet this contingency, is ineligible for compensation benefits.

The decision should be reversed. The enabling portion of amended Workers' Compensation Law § 39 provides: "This act shall take effect July first, nineteen hundred seventy-four and the provisions contained therein relative to partial disability shall apply only where there has been injurious exposure to silica or other harmful dust for a period of at least six months in New York employment *on and after such date"* (L 1974, ch 577, § 6; emphasis supplied). Claimant argues that a literal reading of the enabling portion will frustrate legislative intent and, therefore, the word "and" must be read as "or". We concur. It is incumbent on us to consider whether interpretation of the statute furthers rather than thwarts legislative intent. Although administrative agencies are often accorded great weight in interpreting broad statutory language, there is no reason to rely on an agency's special competence where the question merely involves pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). Involved herein is such a situation and thus, the Board's interpretation need not be accorded special deference.

A literal reading of the enabling statute would permit recompense for partial disability for workers working both six months "on" (as of) July 1, 1974 "and" six months "after"

July 1, 1974. This would in a short time deplete entitlement for partial disability payments as the work force would no longer include eligible workers.

A review of statutory history and legislative intent reveals that the amendment sought to provide compensation for partial disability because, *inter alia:*

"(3) The medical criteria for evaluating the different degrees of disability resulting from silicosis and other dust disease have been scientifically established.

"(4) There is no economic, social or moral justification for excluding workers partially disabled from silicosis or other dust disease from coverage under the Workmen's Compensation Law" (Executive Dept mem, 1974 McKinney's Session Laws of NY, at 2018).

Thus, it is clear that the legislation was passed because the "exclusion" of these workers from coverage was not warranted. To allow the statute to be read literally will afford compensation to a special class of workers who worked six months before and after the magic date. This is contrary to the Legislature's intent to open up a new area of recovery previously closed.

MAHONEY, P. J., MAIN, LEVINE and HARVEY, JJ., concur.

Decision reversed, with costs, against the employer and its carrier, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith.