■ In the Matter of the Claim of CALVIN VALK, Appellant, v HUDSON CEMENT et al., Respondents. WORKERS' COMPENSA-

TION BOARD, Respondent.—Mercure, J.

The sole issue presented is whether, as a matter of law, a claimant exposed to harmful dust at work from 1959 to April 1974, but not thereafter, is eligible for compensation benefits pursuant to Workers' Compensation Law § 39 for partial disability due to causally related occupational disease.

Workers' Compensation Law § 39 was amended, effective July 1, 1974, so as to extend its coverage to partial disability resulting from exposure to silica or other harmful dust. The amendment was to be applicable "only where there has been injurious exposure to silica or other harmful dust for a period of at least six months in New York employment *on and after* [July 1, 1974]" (L 1974, ch 577, § 6 [emphasis supplied]). In *Matter of Graham v Armstrong Contr. & Supply Co.* (126 AD2d 36, *lv denied* 70 NY2d 605), we interpreted the words "on and after" to mean "on or after" and permitted recovery by a claimant who had been employed in New York for a continuous period of six months as of July 1, 1974, i.e., from January 1 to July 1, 1974, and for a period of five months thereafter. In so doing, we rejected the position of the Workers' Compensation Board that the enabling statute required six months of employment after July 1, 1974.

Here, claimant would have us extend *Graham* so as to eliminate the statutory requirement of six months of employment during the period commencing January 1, 1974. This we cannot do. The only possible interpretation of the enabling statute which would assist claimant is to extend coverage to anyone who was exposed to dangerous dust in connection with New York employment during any six-month period either before or after July 1, 1974. This interpretation would render the Legislature's very specific reference to July 1, 1974 wholly meaningless and create an almost limitless class of covered employees, in direct contradiction of the clear intent of the Legislature to limit the coverage to conditions accruing on or after July 1, 1974.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.