■ In the Matter of the Claim of JOSEPH LALLA, Respondent, v ASTORIA AIR CONDITIONING et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed September 28, 1988, which discharged the Special Disability Fund from liability for the claim.

Claimant repaired air-conditioning and refrigeration units for Astoria Air Conditioning. In 1980, claimant was hospitalized with breathing problems and advised to retire. He filed a claim for workers' compensation benefits, citing an occupational lung disease. The claim was controverted and, following hearings, the Workers' Compensation Law Judge, in 1983, found an occupational disease of chronic obstructive and restrictive bronchopulmonary disease under Workers' Compensation Law[1] § 3 (2) (29)[2] superimposed upon a preexisting nondisabling condition. The finding of occupational disease under section 3 (2) (29) rendered the Special Disability Fund subject to liability for reimbursement to the employer's insurance carrier (Workers' Compensation Law § 15 [8] [ee]). Ac-

---

1. All further statutory references in the text and footnotes shall be to the Workers' Compensation Law.

2. Section 3 (2) (29) refers to silicosis or other dust diseases and processes involving exposure to silica or other harmful dust.

cordingly, the Fund was thereafter placed on notice but no hearing on the Fund's liability occurred. Finally, by letter dated July 10, 1987, the Fund challenged the finding of occupational disease under section 3 (2) (29) and requested that a finding of occupational disease under section 3 (2) (30)[3] be made. Under this provision, the Fund would be discharged from liability (cf., Workers' Compensation Law § 15 [8] [ee]). The Workers' Compensation Board entertained the Fund's application and, following a hearing, found an occupational disease from chronic obstructive and restrictive bronchopulmonary disease under section 3 (2) (30) and discharged the Fund. This appeal by the employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the employer) followed.

First, we reject the employer's contention that the Board abused its discretion in entertaining the Fund's application. It is well settled that the Board has continuing jurisdiction over compensation cases and great discretion to reconsider or reopen a case (Workers' Compensation Law § 123; see, Matter of McQueen v New York City Health & Hosps. Corp., 154 AD2d 789) and we see no abuse of its discretion here. The employer's reliance on Matter of Ruffino v Rosen & Sons (142 AD2d 177, affd 74 NY2d 861) to impugn the Fund's ability to challenge the finding of occupational disease under section 3 (2) (29) is without merit. The Fund's challenge here is to a finding that bears on its liability and does not address the primary issue of compensability of the underlying claim, which it has no standing to do under Ruffino.

We likewise reject the employer's claim that there is insufficient evidence to support the Board's finding of an occupational disease of chronic obstructive and restrictive bronchopulmonary disease under section 3 (2) (30) rather than under section 3 (2) (29). The Board has authority to assess the credibility of witnesses and selectively adopt portions of a medical expert's testimony (see, e.g., Matter of Moore v RPM Indus., 144 AD2d 135, 136). Here, claimant's 1980 hospital discharge summary clearly states chronic obstructive bronchopulmonary disease as a final diagnosis. This diagnosis is supported by claimant's physician, who testified that claimant suffered from status asthmaticus with an underlying chronic obstructive bronchopulmonary disease. Significantly, the employer's consultant testified that claimant suffered from

---

3. Section 3 (2) (30) refers to any and all occupational diseases and processes involving specified occupations.

chronic obstructive pulmonary disease and not from silicosis, asbestosis or any form of pneumoconiosis. This evidence provides substantial evidence for the Board's conclusion that claimant did not suffer from silicosis or other dust disease under section 3 (2) (29) but from an occupational disease under section 3 (2) (30), for which the Fund was not liable *(cf.,* Workers' Compensation Law § 15 [8] [ee]).

Decision affirmed, with costs to the Special Disability Fund. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.