■ In the Matter of the Claim of GEORGE C. VORE, Respondent, v ALLIED BENDIX CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [611 NYS2d 681] — White, J. Appeals from two decisions of the Workers' Compensation Board, filed May 28, 1991 and August 5, 1992, which, inter alia, ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Prior to July 1, 1974, an employee could not be awarded compensation under the Workers' Compensation Law for a partial disability due to silicosis or other dust disease (Workers' Compensation Law former § 39). On that date, this limitation was lifted provided the employee had been exposed to silica or other harmful dust for a period of at least six months in New York employment on or after July 1, 1974 (L 1974, ch 577, §§ 3, 6).

In this instance, the Workers' Compensation Board sustained an award of compensation to claimant predicated on its finding that he is partially disabled as a result of asbestosis that was contracted while at his employment at Allied Bendix Corporation. The record establishes, however, that claimant left Allied Bendix in 1967 and was not exposed to asbestos at his subsequent place of employment. Therefore, as it is axiomatic that an administrative agency may exercise only those powers conferred by the Legislature (see, Matter of Beer Garden v New York State Liq. Auth., 79 NY2d 266, 276; Matter of Shankman v Axelrod, 73 NY2d 203), the award of compensa-

tion to claimant must be set aside because the Board lacked the statutory authority to render it in light of the fact that claimant's last exposure to asbestos was in 1967 *(see, Matter of Valk v Hudson Cement,* 140 AD2d 835, 836). Although none of the parties addressed this issue, their silence cannot abrogate the intent of the Legislature. Accordingly, we reverse.

Cardona, P. J., Casey, Weiss and Peters, JJ., concur. Ordered that the decisions are reversed, without costs, and claim dismissed.