OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Until July 1, 1974, an employee disabled by a dust disease, such as asbestosis, was entitled to workers’ compensation only in the event of total disability. Workers’ Compensation Law § 39 was amended, effective July 1, 1974, to afford a remedy to any employee disabled, whether partially or completely, as a result of exposure to noxious dust in the course of employment, provided such exposure occurred on or after July 1, 1974 (see, L 1974, ch 577, §§ 3, 6).
Claimant appellant was exposed to asbestos from August 1956 through September 1970 in the course of her employment as a stenciler and packer of brake linings for respondent. Claimant became totally disabled and stopped working in 1978 as a result of asthma and emphysema, diseases that were unrelated to her employment. She was awarded Social *836 Security disability benefits accordingly. On March 15, 1988, claimant was diagnosed with asbestosis and, subsequently, instituted this workers’ compensation proceeding against respondent alleging injurious exposure to asbestos as a result of her employment.
The Workers’ Compensation Board found that claimant’s asbestosis was causally related to her employment at respondent’s plant. However, it also found that claimant was previously partially disabled, as a result of a "pre-existing lung disability from unrelated pulmonary emphysema and asthma” (emphasis added) and that the combination of the two unrelated conditions — asbestosis and pulmonary disease — caused her total disablement.
This Court agrees with that part of the Appellate Division’s reasoning that concluded claimant’s preexisting lung disability and her asbestosis were not inseparable causative agents of her total disability. The Workers’ Compensation Board, therefore, erroneously found that claimant sustained a compensable injury and was entitled to benefits. Since claimant’s period of exposure to asbestos predated the 1974 amendment to section 39, the recovery of workers’ compensation was contingent on her complete disablement as a result of asbestosis, a fact not evidenced by this record. The fact that claimant’s asbestosis contributed to her preexisting lung disability could not create an entitlement to compensation, prior to the 1974 amendment to section 39, absent proof that the disabling causative agents were inseparable or that the asbestosis completely disabled her.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed, with costs, in a memorandum.