■ In the Matter of the Claim of OWEN MATOTT, Appellant, v ST. JOE's LEAD et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [666 NYS2d 849] —Appeal from a decision of the Workers' Compensation Board, filed June 19, 1995, which ruled that claimant was not entitled to workers' compensation benefits for a partial disability resulting from exposure to harmful dust.

Claimant was employed as a miner by the self-insured employer, a mining company, from 1949 until he retired in 1974 due to chest pains and shortness of breath. In 1991, he filed a claim for workers' compensation benefits based upon an occupational lung disease which he alleged was due to exposure to dust, fumes and oil during his employment with the employer. The case was established for occupational disease, notice and causal relation for a permanent partial disability of the lungs. The Workers' Compensation Board reversed this decision and disallowed the claim, finding that claimant was not entitled to benefits for a partial disability resulting from

exposure to harmful dust which occurred prior to July 1, 1974* (*see, Matter of Vore v Allied Bendix Corp.*, 204 AD2d 761, *lv denied* 84 NY2d 811). Claimant contends that the Board's decision was erroneous because he had a claim for an occupational disease (*see,* Workers' Compensation Law § 3 [2] [column one (30)]), not a dust disease, and that the former provisions of the Workers' Compensation Law which excluded claimants with a partial disability due to dust disease from receiving benefits were not applicable. We agree.

Although the Workers' Compensation Law does not define "dust disease", case law has held that the term refers to diseases of the lungs classified as pneumoconiosis (e.g., silicosis, chalicosis, anthracosis [caused by exposure to coal dust] or siderosis [caused by exposure to iron and steel dust]) (*see, Matter of Roberts v Agway Inc.*, 71 AD2d 733, 734; *Matter of Lawton v Port of N. Y. Auth.*, 276 App Div 81). Here, the record contains no proof that claimant's disability was due to a disease in the pneumoconiosis classification (*see, Matter of Lawton v Port of N. Y. Auth., supra*). Rather, the medical experts who testified for both parties essentially agreed that claimant suffers from chronic bronchitis. Significantly, the expert for the employer specifically found no evidence of pneumoconiosis. In its decision, the Board did not take issue with the Workers' Compensation Law Judge's conclusion on the issues of causal relation or the finding that claimant suffered from a permanent partial disability. It disallowed the claim on the ground that claimant suffered from a partial disability based upon a "dust disease" that occurred prior to July 1, 1974 and was therefore excluded from coverage by Workers' Compensation Law former § 39. Because the record does not support a finding that claimant suffers from a "dust disease", we must conclude that the Board erred in denying benefits on this ground alone. Accordingly, we reverse and remit the matter to the Board for further proceedings.

Cardona, P. J., Crew III, White, Peters and Spain, JJ., concur. Ordered that the decision is reversed, with costs, and

---

* Prior to July 1, 1974, the Workers' Compensation Law provided that an employee who was engaged in hazardous employment who became disabled due to dust disease was entitled to workers' compensation benefits *only* if he or she was totally disabled (*see,* Workers' Compensation Law § 3 [former (2)]; § 39; *Matter of Blair v Bendix Corp.*, 85 NY2d 834, 835). The law was changed effective July 1, 1974 to extend coverage to those employees with partial disabilities resulting from dust disease, so long as exposure to the harmful dust occurred during at least six months in New York employment after July 1, 1974 (L 1974, ch 577; *see,* Executive Dept Mem, 1974 McKinney's Session Laws of NY, at 2017-2018).

matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.