■ In the Matter of the Claim of PAUL FONDA, Appellant, v CAMBRIDGE FILTER CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [708 NYS2d 514] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed March 10, 1998, which ruled that claimant had not sustained an accident or occupational disease and denied his claim for workers' compensation benefits.

As the result of work-related exposure to asbestos prior to 1972, claimant developed asbestosis, which was diagnosed in 1991. Although the asbestosis did not result in a pulmonary disability, claimant developed a disabling panic or anxiety dis-

order upon learning that, as a result of the asbestosis, he was at a higher risk for developing cancer. Inasmuch as asbestosis from exposure to asbestos prior to July 1, 1974 is not compensable in the absence of total disability (*see, Matter of Vore v Allied Bendix Corp.*, 204 AD2d 761, *lv denied* 84 NY2d 811), the Workers' Compensation Board denied claimant's claim for workers' compensation benefits, concluding that the development of a consequential anxiety disorder as a result of noncompensable asbestosis does not constitute an accident or occupational disease. Claimant appeals.

Where a claimant is completely disabled as the result of two "causative agents", one of which is asbestosis from exposure to asbestos prior to 1974, entitlement to compensation is dependent upon "proof that the disabling causative agents were inseparable or that the asbestosis completely disabled [the claimant]" (*Matter of Blair v Bendix Corp.*, 85 NY2d 834, 836). Although there is no claim in this case that the asbestosis alone disabled claimant, the Board found that claimant's anxiety disorder was consequential, implying that asbestosis was at least one of the causes of that disorder. As a result, claimant's disability from the anxiety disorder was also causally related to the asbestosis. Accordingly, claimant's entitlement to compensation depended not upon the compensability of the asbestosis alone but whether claimant was totally disabled by two inseparable causative agents, one of which was the asbestosis (*see, Matter of Schul v National Carbon Div., Union Carbide Co.*, 20 AD2d 936, *lv denied* 14 NY2d 489). Inasmuch as the Board did not determine the extent of claimant's disability or the inseparability of the asbestosis and the anxiety disorder, the decision must be reversed.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.