■ In the Matter of the Claim of LUIS VELASQUEZ, Respondent, v TONY'S TAXI, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [733 NYS2d 269] —Crew III, J. P. Appeal from a decision of the Workers' Compensation Board, filed August 14, 2000, which, *inter alia*, ruled that the application of Tony's Taxi, Inc. for review of a decision of a Workers' Compensation Law Judge was untimely.

By reserved decision filed February 12, 1999, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that an employer/employee relationship existed between claimant and Tony's Taxi, Inc. (hereinafter the employer) and continued the case for the production of claimant's 1992 tax returns and relevant medical evidence. Claimant failed to produce such evidence at a hearing conducted in March 1999 and, by amended decision filed April 13, 1999, the WCLJ found the employer to be in violation of Workers' Compensation Law § 50 as it was uninsured on the date of claimant's accident and assessed a penalty pursuant to Workers' Compensation Law § 26-a. On or about May 12, 1999, the employer sought review by the Workers' Compensation Board of the WCLJ's April 1999 amended decision, contending that in view of claimant's failure to produce the relevant tax returns, there was no proof of an employment relationship and, therefore, the assessment imposed should be vacated. Thereafter, by application mistakenly dated June 15, 1997,[1] the employer sought review in the form of a rehearing of the WCLJ's February 1999 decision, again asserting that claimant's failure to produce his tax returns justified the requested relief. The Board considered the applications together and denied the employer's requests, finding, *inter alia*, that the employer's applications were untimely.

The employer, as so limited by its brief, initially contends that the Board erred in failing to grant its application for a rehearing of the WCLJ's February 1999 decision finding the existence of an employer/employee relationship between claim-

---

**1.** The Board deemed this date to be erroneous; presumably, the employer intended the date to read "June 15, 1999" but, as the body of the application bore the date of May 12, 1999, the Board considered the application filed as of that date.

ant and the employer. Assuming, without deciding, that the May 1999 application for rehearing was timely,[2] we cannot say that the Board erred in denying it. Although the employer argued, *inter alia*, that claimant's failure to produce his 1992 tax returns constituted material evidence that was not available at the time of the original hearing before the WCLJ (*see,* 12 NYCRR 300.14 [a] [1]), this lack of documentation hardly can be characterized as evidence that was "new" or "not previously available." Following the WCLJ's February 1999 reserved decision, this matter was restored to the calendar for the very purpose of producing claimant's tax returns and medical evidence. Claimant failed to appear for the scheduled March 1999 hearing and did not produce the requested tax returns. Hence, the continuing lack of that documentation between March 1999 and May 1999, when the employer filed the application for a rehearing, does not amount to "newly discovered evidence" or evidence that would warrant the granting of such application in the interest of justice. Accordingly, we conclude that the Board properly denied the employer's application for a rehearing.

The employer next contends that the Board erred in denying its application for Board review of the WCLJ's April 1999 amended decision imposing an assessment pursuant to Workers' Compensation Law § 26-a. The crux of the employer's argument on this point is that, absent production of the previously discussed tax returns, there simply was no proof of an employment relationship and, therefore, the imposition of the assessment was improper. The flaw in the employer's argument on this point is that the finding of an employment relationship was made in the WCLJ's February 1999 reserved decision, not the April 1999 amended decision imposing the assessment. The record reflects that the employer was well aware, as of the March 1999 hearing date, that it had failed to timely seek review of the WCLJ's February 1999 reserved decision, and it cannot now seek review of such finding under the guise of challenging the assessment subsequently imposed. As the aforementioned application for review, which plainly is addressed to the finding of an employment relationship as embodied in the WCLJ's February 1999 reserved decision, was not filed until May 1999—well beyond the 30-day limitations period set forth in Workers' Compensation Law § 23—such request was properly dismissed as untimely. The employer's remaining

2. 12 NYCRR 300.14 (b) provides that "[s]uch application must be made within a reasonable time after the applicant has had knowledge of the facts constituting the grounds upon which such application is made."

arguments have been examined and found to be lacking in merit.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.