In the Matter of the Claim of MICHAEL B. VALENTI, Appellant, v PENN PLAX PLASTICS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [780 NYS2d 808]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed April 14, 2003, which ruled that claimant's exposure to asbestos occurred prior to July 1, 1974 and denied his claim for workers' compensation benefits.

Claimant was exposed to asbestos while working for his

employer from 1965 to 1972 and, thereafter, was diagnosed as suffering from asbestosis and asbestos-related pleural disease. Claimant also was diagnosed with lung cancer in 1994. As a result of these conditions, claimant applied for workers' compensation benefits in 1995. A Workers' Compensation Law Judge thereafter denied the claim, finding that it was barred by the rule that a claim for a dust disease arising from exposure before July 1, 1974, absent total disability, is not compensable (*see Matter of Blair v Bendix Corp.*, 85 NY2d 834, 835 [1995]). Claimant appealed to the Workers' Compensation Board, arguing that his lung cancer was not a dust disease. The Board affirmed, finding that "claimant's lung cancer was caused by his exposure to" asbestos. Neither the Workers' Compensation Law Judge nor the Board found that claimant suffered from asbestosis or asbestos-related pleural disease or that the lung cancer was related to those conditions. Claimant now appeals.

"Until July 1, 1974, an employee disabled by a dust disease, such as asbestosis, was entitled to workers' compensation only in the event of total disability" (*id.*; *see* Workers' Compensation Law former § 39; L 1974, ch 577, §§ 3, 6). Here, claimant concedes both that his last exposure to asbestos occurred prior to July 1, 1974 and that his claim for benefits arising out of a partial disability caused by asbestosis or asbestos-related pleural disease was properly denied. Claimant argues, however, that his lung cancer, which the Board found was causally related to his asbestos exposure, is not a dust disease.

Lung cancer is not, and was not prior to 1974, a dust disease as defined in the Workers' Compensation Law (*see Matter of Smith v Bell Aerospace*, 125 AD2d 140, 141 [1987]; *see also Matter of Matott v St. Joe's Lead*, 245 AD2d 907, 908 [1997]; *Matter of Smith v Certain Teed Prods. Corp.*, 85 AD2d 820, 820-821 [1981]; *Matter of Viskovich v Keasbey Co.*, 36 AD2d 665, 666 [1971], *lv denied* 29 NY2d 483 [1971]). Indeed, the meaning of dust disease was defined narrowly "to expand the group of occupational diseases for which awards could be given for *partial* disability and restrict those 'dust diseases' which required *total* disability as a prerequisite for an award" (*Matter of Smith v Certain Teed Prods. Corp., supra* at 820; *see Matter of Lawton v Port of N.Y. Auth.*, 276 App Div 81, 85-86 [1949], *lv denied* 300 NY 761 [1950]).

Although lung cancer, by itself, does not fall under the definition of dust disease, the restriction in Workers' Compensation Law former § 39 nevertheless applies if the lung cancer is causally related to, or was precipitated by, a dust disease such as asbestosis (*see Matter of Fonda v Cambridge Filter Corp.*, 272

AD2d 787, 788 [2000]; *Matter of Smith v Bell Aerospace, supra* at 142). The Board did not determine whether claimant suffered from asbestosis, instead finding that any asbestos exposure occurred before July 1, 1974 and that claimant's lung cancer resulted from that exposure. Although claimant was diagnosed as having asbestosis, the Board did not find that the lung cancer was causally related to the asbestosis, as opposed to the asbestos exposure. In the absence of such findings, we are constrained to reverse the Board's decision.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.