■ In the Matter of the Claim of ROBERT DALLAS, Respondent, v CONSOLIDATED EDISON et al., Respondents, and SPECIAL FUNDS CONSERVATION COMMITTEE, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [811 NYS2d 207]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed February 20, 2004, which ruled that claimant sustained a work-related occupational disease.

During the course of his 34-year employment with the employer, claimant was regularly exposed to asbestos. In support of his resulting workers' compensation claim, claimant submitted a 1996 report authored by his treating physician in which he was diagnosed with, among other things, pulmonary asbestosis and asbestos-related pleural disease (hereinafter ARPD). Following a hearing, a workers' compensation law judge established the case for an asbestos-related occupational disease (*see* Workers' Compensation Law § 3 [2] [30]) and awarded benefits. Following affirmance by the Workers' Compensation Board, the employer requested that the case be revisited in light of a 2002 independent medical evaluation indicating that claimant had developed asbestosis. Accordingly, upon further review, the Board modified the prior decision to establish the case for asbestosis, ARPD and two other disorders originally

diagnosed by claimant's treating physician. As a result of the case being established for asbestosis, the Special Disability Fund was made liable for benefit reimbursement to the employer (*see* Workers' Compensation Law § 3 [2] [29]; § 15 [8] [ee]), prompting this appeal by the Special Funds Conservation Committee.

As an initial matter, for the reasons discussed in *Matter of Fama v P & M Sorbara* (— AD3d — [2006] [decided herewith]), we disagree with the Special Funds' primary argument that the Workers' Compensation Law requires the filing of separate benefit claims whenever an asbestos-exposed claimant is diagnosed with both a dust disease, such as asbestosis, and a nondust disease, like ARPD.

Turning, then, to the remaining aspect of this appeal, the Special Funds contends that the Board erred in revisiting claimant's case on the employer's request since the case had already been established for an occupational disease under Workers' Compensation Law § 3 (2) (30). We disagree. "Pursuant to Workers' Compensation Law § 123, 'the Board has plenary authority to modify or rescind its previous decisions' " (*Matter of Tomlin v L & B Contr. Indus.*, 307 AD2d 682, 683-684 [2003], quoting *Matter of Buchanon v Adirondack Steel Casting Co.*, 175 AD2d 971, 971 [1991]). In light of its determination that the original finding of "asbestos related disease" was imprecise and inconsistent with the medical evidence proffered at the time of the original hearing in the matter, we cannot conclude that the Board abused its discretion in this instance (*see Matter of Naylon v Erie County Highway Dept.*, 14 AD3d 932, 933 [2005]).

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.