■ In the Matter of the Claim of LUIGI CECERE, Respondent, v CONSOLIDATED EDISON et al., Respondents, and SPECIAL FUNDS CONSERVATION COMMITTEE, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [811 NYS2d 205]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed April 22, 2004, which ruled that claimant sustained a work-related occupational disease.

Claimant filed a claim for workers' compensation benefits in 1995, alleging that he had developed asbestosis due to his exposure to asbestos during his 24-year career with the employer. Upon a review of medical reports submitted by claimant and the employer's independent medical examiner, a workers' compensation law judge (hereinafter WCLJ) established the case for asbestosis pursuant to Workers' Compensation Law § 3 (2) (29). The WCLJ further found claimant to be permanently partially disabled and awarded benefits. The Workers' Compensation Board later affirmed, prompting this appeal by the Special Funds Conservation Committee.

The Special Funds primarily claims that, inasmuch as claimant was diagnosed with asbestos-related pleural disease (hereinafter ARPD), in addition to asbestosis and other conditions, the Board erred in failing to establish an independent second claim for ARPD as an occupational disease within the meaning of Workers' Compensation Law § 3 (2) (30). We find the Special Funds' contention unpersuasive for the reasons we have articulated in *Matter of Fama v P & M Sorbara* (— AD3d — [2006] [decided herewith]).

Concerning the Special Funds' other contentions, we first conclude that substantial evidence supports the Board's determination establishing claimant's case for asbestosis (*see generally Matter of Pelli v St. Luke's Mem. Hosp. Ctr.*, 307 AD2d 555, 556 [2003], *lv denied* 1 NY3d 501 [2003]). Claimant's physician and the independent medical examiner each diagnosed claimant with asbestosis and, although the independent medical examiner

also diagnosed claimant with additional disorders, he explicitly linked claimant's disability to asbestosis. Finally, substantial evidence supports the Board's finding of permanent partial disability. Inasmuch as claimant's physician offered no opinion as to permanency, the independent medical examiner's conclusion in that regard was uncontroverted.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.