[811 NYS2d 202]

In the Matter of ANTONIO FAMA, Respondent, v P & M SORBARA et al., Respondents, and SPECIAL FUNDS CONSERVATION COMMITTEE, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, March 16, 2006

## APPEARANCES OF COUNSEL

*Steven Licht, Special Funds Conservation Committee,* Albany (*Melissa A. Day* of counsel), for appellant.

*Douglas J. Hayden, State Insurance Fund,* White Plains (*Patricia M. Barry* of counsel), for P & M Sorbara and another, respondents.

## OPINION OF THE COURT

CARDONA, P.J.

Under the Workers' Compensation Law, employees may recover compensation for disabling injuries or death incurred as a result of workplace exposure to asbestos. Arising from that premise, however, are more convoluted principles concerning the apportionment of benefit liability between respective employers and the possibility of employer reimbursement from the Special Disability Fund. For purposes of applying the various rules, asbestos-exposed workers are essentially divided into two categories based upon the nature of the medical condition from which they suffer. Under the first category, applicable to workers who contract a "dust disease" (Workers' Compensation Law § 3 [2] [29]) as a result of asbestos exposure, the liability for compensation is placed upon "[t]he employer in whose employment an employee was last exposed to an injurious dust hazard" (Workers' Compensation Law § 44-a; *see Matter of Hinton v Acme Steel & Malleable Iron Works,* 243 AD2d 993, 995 [1997]). In such an instance, however, the liable employer is entitled to partial reimbursement by the Special Disability Fund for compensation actually paid (*see* Workers' Compensation Law § 15 [8] [ee]). This is to be contrasted with the second category, applicable to workers who do not develop a "dust disease" but are nonetheless afflicted with an "occupational disease" (Workers' Compensation Law § 3 [2] [30]) resulting from exposure to asbestos in one of many enumerated employments (*see* Workers' Compensation Law § 3 [1]). For this class of claimants, compensation liability is affixed to the last employer who employed the worker in the particular field, regardless of the claimant's last exposure (*see* Workers' Compensation Law § 44; *Matter of Conway v CBI Servs.,* 1 AD3d 739, 742 [2003]). Although the liable employer in this latter instance is not entitled to any reimbursement from the Special Disability Fund, if the

worker's disease was, in fact, contracted during his or her employment with a prior employer, the liable employer may seek apportionment from such prior employer as well as any intervening employers who employed the worker in the given field (see Workers' Compensation Law § 44).

The instant case—in addition to two companion cases before us (see Matter of Dallas v Consolidated Edison, 27 AD3d 907 [2006]; Matter of Cecere v Consolidated Edison, 27 AD3d 932 [2006])—is emblematic of the high number of asbestos cases where application of the foregoing principles is complicated by the fact that the disabled worker is simultaneously afflicted with a dust disease, such as asbestosis, as well as a nondust disease, like asbestos-related pleural disease (hereinafter ARPD).[1] Claimant herein, a concrete worker for 37 years, was exposed to asbestos repeatedly during his career, with his last such exposure occurring in the mid-1990s while working for P & M Sorbara (hereinafter the employer). He was diagnosed with asbestosis and ARPD in 1999 and, following his claim for workers' compensation benefits, an independent medical examination essentially confirmed that diagnosis.[2] The Workers' Compensation Board ultimately established the claim for asbestosis, but noted parenthetically that claimant had submitted prima facie medical evidence of a claim for ARPD.

On this appeal, the Special Funds Conservation Committee argues that the Board erred in failing to establish one claim for claimant's asbestosis, pursuant to Workers' Compensation Law § 3 (2) (29), and an independent second claim for his ARPD, pursuant to Workers' Compensation Law § 3 (2) (30). In the Special Funds' view, the aforementioned different statutory treatment afforded to dust diseases and nondust diseases justifies requiring independent claims for each category of illness.

Initially, addressing the threshold claim that the Board's determination was not supported by substantial evidence, "[i]t is well settled that '[t]he determination of the medical condition

---

1. The legal differentiation between dust diseases and nondust diseases is based upon the pathological distinction between pneumoconiosis—i.e., diseases caused by the inhalation of dust particles which affect the parenchyma, or essential functioning aspects, of the lungs—and those diseases which affect the pleura, or lining, of the lungs (see generally Matter of Smith v Certain Teed Prods. Corp., 85 AD2d 820 [1981]; Matter of Lawton v Port of New York Auth., 276 App Div 81 [1949]).

2. Claimant has an independent claim for silicosis arising from occupational exposure to concrete dust, but said claim is not a subject of this appeal.

and how it is to be classified is [a question of fact] . . . for the Board' whose decision will not be disturbed if supported by substantial evidence" (*Matter of Dinger v K-Mart Corp.*, 246 AD2d 946, 947 [1998], quoting Minkowitz, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 15, 1997 Pocket Part, at 3; *see Matter of Pelli v St. Luke's Mem. Hosp. Ctr.*, 307 AD2d 555, 556 [2003], *lv denied* 1 NY3d 501 [2003]). Inasmuch as the Board was presented with two uncontroverted medical reports listing asbestosis as the primary disabling diagnosis, we find that substantial evidence supports the Board's determination that asbestosis, rather than ARPD, is established as claimant's occupational disease.

Moreover, we decline the Special Funds' request to mandate that the Board generally require separate claims for dust diseases and nondust diseases. On the contrary, we view the Board's treatment of hybrid claims such as claimant's to be entirely rational in light of the law and the available medical opinions concerning asbestos-related lung diseases. The Board has consistently held that, where a claimant suffers from both a dust disease and a nondust disease and his or her disability is attributable, at least in part, to the dust disease, the provisions of the Workers' Compensation Law which apply to the dust disease will take precedence (*see e.g. Consolidated Edison Co. of N.Y.*, 2005 WL 1707695, 2005 NY Wrk Comp LEXIS 5862 [July 15, 2005]; *Consolidated Edison Co. of N.Y.*, 2005 WL 1389704, 2005 NY Wrk Comp LEXIS 5199 [June 3, 2005]; *Schiavone Shea Joint Venture*, 2005 WL 996517, 2005 NY Wrk Comp LEXIS 3796 [Apr. 25, 2005]; *Phoenix Sheet Metal*, 2005 WL 929255, 2005 NY Wrk Comp LEXIS 3463 [Apr. 14, 2005]). Notably, there is no provision in the Workers' Compensation Law which specifically requires the filing of separate claims for discrete occupational diseases. Furthermore, although the law once required that a dust disease be totally disabling before the dust disease provisions of the Workers' Compensation Law became applicable (*see* Workers' Compensation Law former § 15 [8] [ee]; former § 39; *Matter of Viskovich v Keasbey Co.*, 36 AD2d 665, 666 [1971], *lv denied* 29 NY2d 483 [1971]), that is no longer the case (*see* L 1974, ch 577, §§ 3, 6; *Matter of Blair v Bendix Corp.*, 85 NY2d 834, 835 [1995]). We, therefore, view the Board's current treatment of hybrid asbestos cases to be consistent with the Legislature's pronouncement that a mere partial disability is sufficient to trigger those provisions of the Workers'

Compensation Law applicable to dust diseases. Finally, this Court has itself held that, where a dust disease is not a direct cause of death, but is merely a "contributory factor" or "precipitant" to a claimant's death, the reimbursement rules related to dust disease cases are applicable (*Matter of Smith v Bell Aerospace*, 125 AD2d 140, 142 [1987]; *see Matter of Fonda v Cambridge Filter Corp.*, 272 AD2d 787, 788 [2000]).

The Board's treatment of hybrid cases is also consistent with the medical opinions in this and other cases. As the Board has repeatedly observed, dust diseases are typically more serious than nondust diseases and usually contribute to the claimant's disability to a greater extent (*see e.g. Schiavone Shea Joint Venture, supra*). Moreover, it appears to be exceedingly difficult to ratably apportion a claimant's disability between a dust disease and a nondust disease inasmuch as each disorder affects the lungs and arises from the same occupational exposure to asbestos (*see id.*). Therefore, for the foregoing reasons, we hold that where there is medical evidence that the claimant's disability is due, at least in part, to the existence of a dust disease, a separate claim is not necessary for a nondust disease arising from workplace asbestos exposure. Instead, in such cases, the dust disease diagnosis should take precedence and the claim should be established under Workers' Compensation Law § 3 (2) (29), with all of the relevant statutory provisions applicable thereto.

SPAIN, CARPINELLO, MUGGLIN and LAHTINEN, JJ., concur.

Ordered that the decision is affirmed, without costs.