■ In the Matter of the Claim of ILONA GRILL, Respondent, v FASHION INSTITUTE OF TECHNOLOGY et al., Appellants, and SPE-

---

CIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [903 NYS2d 608]—

Peters, J. Appeals (1) from a decision of the Workers' Compensation Board, filed March 16, 2009, which ruled that Workers' Compensation Law § 15 (8) (ee) did not apply to claimant's award of workers' compensation benefits, and (2) from a decision of said Board, filed August 6, 2009, which denied the application of the employer and its third-party administrator for full Board review.

Claimant suffers from interstitial pulmonary fibrosis and lung disease, which has been established as a compensable occupational disease. The question thereafter arose as to whether her condition constituted a dust disease that entitled the employer and its third-party administrator (hereinafter collectively referred to as the employer) to reimbursement from the Special Disability Fund (*see* Workers' Compensation Law § 15 [8] [ee]). The Workers' Compensation Board determined that it did not and the employer appeals.*

We affirm. Whether a condition constitutes a dust disease within the ambit of Workers' Compensation Law § 15 (8) (ee) depends "upon the pathological distinction between pneumoconiosis—i.e., diseases caused by the inhalation of dust particles which affect the parenchyma, or essential functioning aspects, of the lungs—and those diseases which affect the pleura, or lining, of the lungs" (*Matter of Fama v P & M Sorbara*, 29 AD3d 170, 172 n 1 [2006], *lv dismissed* 7 NY3d 783 [2006]; *see Matter of Matott v St. Joe's Lead*, 245 AD2d 907, 908 [1997]). If a lung disorder arises from pneumoconiosis, it is properly viewed as a dust disease (*see Matter of Smith v Certain Teed Prods. Corp.*, 85 AD2d 820, 820-821 [1981]; *Matter of Viskovich v Keasbey Co.*, 36 AD2d 665, 666 [1971], *lv denied* 29 NY2d 483 [1971]). Here, claimant's treating pulmonologist determined that she suffered from pneumonitis arising from her exposure to aerosolized paint, but did not find that she had pneumoconiosis. As the Board was free to credit that opinion over the equivocal diagno-

---

* Inasmuch as the employer fails to raise any issue with respect to its separate appeal from the Board's denial of its application for full Board review, we deem that appeal to have been abandoned (*see Matter of LeFever v City of Cortland Fire Dept.*, 66 AD3d 1061, 1062 n [2009], *lv denied* 13 NY3d 716 [2010]).

sis of pneumoconiosis rendered by another physician, we are satisfied that substantial evidence supports its decision (*see Matter of Lalla v Astoria A.C.*, 156 AD2d 808, 809-810 [1989]; *Matter of Roberts v Agway, Inc.*, 71 AD2d 733, 734 [1979]).

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decisions are affirmed, without costs.