McCarthy, J.
Appeal from an amended decision of the Workers’ Compensation Board, filed November 10, 2011, which, among other things, ruled that the employer and its third-party administrator were not entitled to reimbursement from the Special Disability Fund.
Claimant’s husband (hereinafter decedent) was repeatedly ex *1122 posed to asbestos in the course of his work for the employer. He applied for workers’ compensation benefits in 1995 and, in 1998, the Workers’ Compensation Board established decedent’s claim and found him to be permanently partially disabled by asbestos-related pleural disease. After decedent passed away from lung cancer and congestive heart failure in 2005, claimant successfully sought workers’ compensation death benefits.
The employer and its third-party administrator (hereinafter collectively referred to as the employer) thereafter sought reimbursement for the death benefits from the Special Disability Fund, which required a showing that decedent’s “lung cancer [was] causally related to, or was precipitated by, a dust disease such as asbestosis” (Matter of Valenti v Penn Plax Plastics, 9 AD3d 719, 720 [2004]; see Workers’ Compensation Law § 15 [8] [ee]; Matter of Smith v Bell Aerospace, 125 AD2d 140, 142 [1987]). The Board determined that reimbursement was inappropriate because decedent’s underlying claim had not been established for asbestosis. The employer then sought to reopen decedent’s claim for workers’ compensation benefits to include a diagnosis of asbestosis, as well as to establish the death benefit claim for that condition. The Board ultimately denied the employer’s request to reopen decedent’s claim as untimely. The Board further determined that, in any case, there was no proof connecting decedent’s lung cancer to asbestosis. The employer appeals.
We affirm. Dealing first with the employer’s request to reopen the workers’ compensation claim of decedent, such an “application must be made within a reasonable time after the applicant has had knowledge of the facts constituting the grounds upon which such application is made” (12 NYCRR 300.14 [b]). The employer was aware in 1995 that decedent had been diagnosed with asbestosis, but disputed that diagnosis and ultimately succeeded in preventing the claim from being established for it. Inasmuch as the employer made no effort to reopen those proceedings until a decade later and provided no compelling explanation for that extended delay, we cannot say that the Board abused its discretion in rejecting the employer’s application to reopen as untimely (see 12 NYCRR 300.14 [b]; Matter of Barone v Interstate Maintenance Corp., 73 AD3d 1302, 1303 [2010]; Matter of Velasquez v Tony’s Taxi, 288 AD2d 676, 677 [2001]).
As the Board also observed, the record is devoid of proof drawing a causal link between the asbestosis supposedly suffered by decedent — as opposed to asbestos exposure in general — and the lung cancer that killed him. Substantial evidence thus supports *1123 the Board’s determination that the Special Disability Fund was not liable for the death benefits claim (see Workers’ Compensation Law § 15 [8] [ee]; Matter of Grill v Fashion Inst. of Tech., 74 AD3d 1685, 1686-1687 [2010]; Matter of Lalla v Astoria A.C., 156 AD2d 808, 809 [1989]). The employer’s remaining contentions have been examined and are meritless.
Lahtinen, J.E, Garry and Egan Jr., JJ., concur.
Ordered that the amended decision is affirmed, without costs.