Matter of Kariauli v Weider (2019 NY Slip Op 06838)





Matter of Kariauli v Weider


2019 NY Slip Op 06838


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

528264

[*1]In the Matter of the Claim of Omari Kariauli, Claimant,
v
Moshe Weider, Appellant, et al., Respondent. Workers' Compensation Board, Respondent.

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Bruck, LLP, New York City (Yair Bruck of counsel), for appellant.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed July 25, 2018, which denied the uninsured employer's application for a rehearing or reopening.
In February 2016, claimant, an electrician and handyman, sustained various injuries when he fell off a ladder while performing renovation work for Moshe Weider, the purported uninsured employer. Claimant filed a claim for workers' compensation benefits, and a hearing ensued at which he testified. Weider and his witness were scheduled to testify at a later-scheduled hearing to be held on November 15, 2016, however, neither appeared at the hearing. In a November 22, 2016 notice of decision, a Workers' Compensation Law Judge (hereinafter WCLJ) found claimant to be an employee of Weider and established the claim for postconcussion syndrome and injuries to the head, neck, chest, shoulders, back, elbows, wrists and knees. Thereafter, the WCLJ directed the parties to submit medical evidence of permanency, and, in an April 2017 notice of proposed decision, the WCLJ found, among other things, that claimant was entitled to schedule loss of use awards. Weider filed no objection to the WCLJ's decision and, in July 2017, he was issued a demand for payment.
In February 2018, a notice of retainer and appearance on behalf of the employer was filed informing the Workers' Compensation Board that Weider had retained counsel in this matter. Soon thereafter, Weider, through counsel, filed a form request for further action by counsel, seeking a rehearing or reopening of the matter. By letter dated April 8, 2018, the Board informed Weider that no action could be taken and directed him to "file an appeal in the interest of justice" using an application for Board review form (RB-89). On April 16, 2018 and again on May 1, 2018, Weider filed RB-89 forms requesting a rehearing or reopening. The Board subsequently denied Weider's application for a rehearing or reopening, finding, among other things,[FN1] that the request was not brought within a reasonable amount of time and that it would not be in the interest of justice to grant the request. Weider appeals.
We reverse. The Board retains jurisdiction to grant an application for rehearing or reopening made by any party in interest if, as relevant here, "it would be in the interest of justice" (12 NYCRR 300.14 [a] [3]; see Matter of White v Herman, 56 AD3d 872, 873 [2008]; see also Workers' Compensation Law § 123). Although "there is no statutorily-prescribed time period in which a[n applicant] may seek rehearing or reopening of a claim" (Matter of Villagra v Sunrise Senior Living Mgt., 168 AD3d 1199, 1201 [2019]), the Board's regulations provide that such an "application must be made within a reasonable time after the applicant has had knowledge of the facts constituting the grounds upon which such application is made" (12 NYCRR 300.14 [b]; see Matter of Chen v Five Star Travel of NY Inc., 150 AD3d 1505, 1506 [2017]; Matter of Gillard v Consolidated Edison of N.Y., Inc., 115 AD3d 1121, 1122 [2014]; Matter of Velasquez v Tony's Taxi, 288 AD2d 676, 677 n 2 [2001]). Our review of the Board's decision to rehear or reopen a claim is limited to whether there was an abuse of discretion (see Matter of Mejia v Drake Group, LLC, 123 AD3d 1361, 1362 [2014]; Matter of Ewing v YMCA, 57 AD3d 1080, 1081 [2008]), and we find that such discretion was abused here.
On the day that Weider and his witness were scheduled to testify at a hearing scheduled for 9:30 a.m., Weider arrived at 9:45 a.m., due to inclement weather. Although the hearing had just started when Weider presented himself at the front desk, the clerk did not permit him and his witness to enter the hearing, and, significantly, there is no evidence to suggest that the clerk made any attempt to inform the Hearing Officer that Weider and his witness had arrived. Moreover, although the clerk "repeatedly assured" Weider that he would be given a future opportunity to testify in his defense, no such opportunity was ever provided. In denying Weider's request for a rehearing or reopening, the Board failed to take into consideration the foregoing circumstances. Although the Board identified Weider's pro se status, age and frailty as relevant factors in its calculus, it found the delay in his request for a rehearing or reopening unreasonable because he had retained counsel in 2016 but took no action to either appeal the November 2016 decision or to seek rehearing or reopening. The record reflects, however, that the law firm representing Weider at that time was not involved in this matter and was retained to defend Weider in a civil matter that was discontinued in December 2016. Thus, Weider remained pro se in this matter until he retained a different law firm to represent him before the Board in February 2018, shortly after which his counsel made the instant request for a rehearing or reopening. Although Weider was aware of the established claim for over a year by the time he retained counsel in this matter and made the application for a rehearing or reopening, we find that, based upon the foregoing circumstances, it was an abuse of discretion to deny his request in the interest of justice for a rehearing or reopening for further development of the record (see 12 NYCRR 300.14 [a] [3]; Matter of Villagra v Sunrise Senior Living Mgt., 168 AD3d at 1201; Matter of Mejia v Drake Group, LLC, 123 AD3d at 1362-1363; see also Matter of White v Herman, 56 AD3d at 873-874). Weider's remaining contentions are unnecessary to address in light of our determination.
Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The Board also found that, even if it were to construe Weider's application as an appeal from the WCLJ's November 2016 decision, that application "is defective on several grounds, including timeliness of filing, completeness of the application itself, and defective service on all parties of interest."