■ In the Matter of RAYMOND A. MANZER, Respondent, v. ATLANTIC RICHFIELD Co., INC., et al., Appellants; ATLANTIC RICHFIELD Co., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from decisions of the Workmen's Compensation Board, filed January 26, 1973 and December 20, 1973. Claimant, a fuel oil truck driver, injured his back on July 14, 1970 when he fell from a loading platform while loading his truck. As a result of the fall, he suffered contusions of the lower back and also of the left arm and forehead. X rays taken after the accident revealed that claimant had a pre-existing degenerative disc disease. He returned to work in September, 1970 but continued to lose time thereafter due to persistent low back pain. In November, 1970 the employer refused to reinstate him to his job because of his disabling back condition, and he was officially separated from his employment by the employer on January 31, 1970. Benefits were paid by the carrier to claimant up to August 2, 1971. Following a hearing on January 31, 1972, the referee found no further causally related disability and closed the case. On January 26, 1973 the board reversed the referee on a finding that the accident of July 14, 1970 had aggravated the pre-existing degenerative disc resulting in a "continuing permanent partial causally related disability". Appellants contend that there is no substantial evidence to sustain the finding that the accident of July 14, 1970 resulted in a continuing permanent partial causally related disability. In support of this contention, they refer to the report of Doctor Corradini of April 12, 1971 wherein he stated, "In my opinion, his disability is the result of his activity at work, superimposed upon the pre-existing degenerative disc change at the lumbosacral interspace, and I would consider each period of work as causally responsible for the period of temporary total disability which followed it", and his report of October 1, 1971, wherein he stated, "It does not seem to me medically reasonable that the aggravating affect of the episode in June 1970 would still be active a year and three months later, and I would consider most of his present disability to be a result of the natural course of the degenerative processes in his lumbar spine". Appellants also point out the testimony of Doctor Corradini at the hearing which was consistent with these reports. This argument, however, ignores the report of Dr. Corradini dated August 21, 1970 wherein he stated: "This patient had a pre-existing but asymptomatic condition of the back — degenerative disc disease with collapse of the lumbosacral interspace — which was rendered symptomatic by the fall of 6/14/70. At present he has made considerable improvement and needs no specific treatment. Once this condition has been made symptomatic, he may find himself unable to resume his former level of work; he may also find that what were ordinary activities for him in the past may — in the future — produce periods of temporary disability. At the moment, there is nothing that can be done about his condition. I can suggest only a return to his working activity in an attempt to find what level of activity he can tolerate. Work that produces significant back pain or tingling, he will have to avoid." While the medical evidence appears to be inconsistent, it is not totally inconsistent. Close consideration indicates that what Dr. Corradini said was that the accident caused the underlying condition to become symptomatic, and that this would affect the type of work which he could perform; that he should avoid such work which he could not tolerate; and that, while the accident itself was not the producing cause of the pain, at later times claimant's work activities, which

were above levels he could not then tolerate, produced the pain. On this basis, the board could properly determine that the accident caused the underlying condition to be symptomatic causing a permanent partial disability resulting in a limitation on the type of work which claimant could perform. The board was not bound to accept Dr. Corradini's opinion *in toto*, but could "rationalize and reason upon the record as a whole and take a realistic view in making its determination." (*Matter of Zaepfel* v. *du Pont de Nemours & Co.*, 284 App. Div. 693, 696, affd. 309 N. Y. 962). The determination of the board should, therefore, be affirmed. Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Reynolds, JJ., concur.