■ In the Matter of the Claim of EMILY COLLINS, Respondent, v ALUMINUM COMPANY OF AMERICA et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed April 18, 1973, December 5, 1975 and May 7, 1976, which determined that decedent's disablement and eventual death resulted from his employment related silicosis and that the Special Disability Fund was liable for reimbursement to the employer pursuant to section 15 (subd 8, par [ee]) of the Workmen's Compensation Law. Decedent was employed by the appellant self-insured employer from 1950 until August of 1957 when the plant wherein he worked was closed. During that time he concededly contracted an employment related silicosis condition, and he was not employed again following the closing of the plant. In July of 1969, he filed a claim for compensation benefits, and after he died on May 16, 1973 his widow filed an additional claim for death benefits. Finding that decedent's disablement and death were each causally related to his silicosis, the board awarded compensation benefits on both claims and ruled that the Special Disability Fund was liable for reimbursement to the employer pursuant to section 15 (subd 8, par [ee]) of the Workmen's Compensation Law. These appeals ensued. Initially, we find that decedent's claim for disability compensation was not time-barred, and, accordingly, the award made thereon is sustained. The majority of the board panel found that the claim for compensation was timely filed by the claimant within 90 days after he first had knowledge that the disease was totally disabling and was due to the nature of the employment in accordance with the provisions of section 44-a of the Workmen's Compensation Law. While decedent had knowledge of his silicosis condition as early as 1958 and failed to file his claim until 1969, there is

no evidence that he was informed that he had a work-related silicosis condition. Appellants have produced no evidence tending to show that the decedent acquired such knowledge prior to the 90-day period preceding the filing of the claim. As for the award of death benefits, we find that it also must be affirmed. The report of Dr. Henry J. Brock, an expert consultant on dust diseases, expressly states that decedent's silicosis condition was a contributing factor in his demise, and, thus, substantial evidence supports the board's determination of the death claim. Decisions affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Sweeney, Larkin and Herlihy, JJ., concur; Main, J., dissents and votes to modify in the following memorandum. I respectfully dissent from the majority's decision insofar as it affirms the award of disability compensation. Based upon a finding that appellant produced no evidence that decedent knew he had a work-related silicosis condition prior to the 90-day period preceding the filing of the disability claim, the majority holds that the claim was timely filed in accordance with section 44-a of the Workmen's Compensation Law. Such an approach avoids the fundamental issue in this case, however, which is not whether appellant produced certain evidence, but whether there is, in fact, substantial evidence to support a finding that decedent acquired knowledge that his condition was work-related during the statutory 90-day period (cf. *Matter of Ward v Merritt, Chapman & Scott*, 30 AD2d 1010). In my view, there is plainly a lack of such substantial evidence in the record. While the respondent board found that decedent initially learned of the relationship between his silicosis and his employment on June 24, 1969, for some unexplained reason decedent was never questioned on this central issue by his counsel even though he was present at the hearing on the disability claim. Accordingly, the only evidence submitted in support of the board's finding is the phrase "Will apply for Compensation" found in one of decedent's hospital records dated June 24, 1969, and on the issue of when decedent initially learned that his condition was work-related, this quoted phrase has little, if any, probative value and is clearly insufficient to bring the July, 1969 filing within the 90-day exception contained in section 44-a of the Workmen's Compensation Law. Moreover, decedent's conceded awareness of his silicosis condition as early as 1958 would seem to indicate that he possessed the requisite knowledge to file his claim at that much earlier date. Upon such a record as this, I find that there is an absence of substantial support for the award of disability compensation and that, therefore, it must be reversed.