In the Matter of the Claim of JUNE SMITH, Respondent, v BELL AEROSPACE et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE et al., Respondents.

Third Department, February 26, 1987

APPEARANCES OF COUNSEL

*Phillips, Lytle, Hitchcock, Blaine & Huber (Ronald E. Weiss* of counsel), for appellants.

*Patrick Harnedy (Morris N. Lissauer* of counsel), for Special Funds Conservation Committee, respondent.

**OPINION OF THE COURT**

CASEY, J.

The employer and its insurance carrier contend that the Workers' Compensation Board erred in discharging the Special Funds Conservation Committee (hereinafter Special Fund) from liability on the death claim filed by claimant. We agree.

Special Fund's liability, if any, in this case is predicated upon the "dust disease" provisions of Workers' Compensation Law § 15 (8) (ee). All parties concede that the immediate or direct cause of decedent's death was, as listed on the death certificate, primary mesothelioma of the pleura (cancer of the lining of the lung), which is not a "dust disease" within the meaning of the statute *(see, Matter of Smith v Certain Teed Prods. Corp.,* 85 AD2d 820). The record, however, contains undisputed evidence, in the form of a letter from one of decedent's treating physicians and a report and testimony from the carrier's consultant who examined decedent several months before his death, which establishes that after working with asbestos fibers for many years decedent developed asbestosis, a dust disease, and that the asbestosis resulted in decedent's disability and precipitated the development of the cancer. The Workers' Compensation Law Judge concluded that decedent was disabled by an occupational disease—asbestosis—from July 2, 1981 to the date of his death on September 18, 1982, and that his death was causally related to the

occupational disease. Disability and death benefits were awarded and Special Fund's liability under Workers' Compensation Law § 15 (8) (ee) on the death claim was established. Special Fund appealed and, after reciting the undisputed medical proof, the Board concluded that "inasmuch as the [decedent] died as a result of mesothelioma * * * that the Special Funds Conservation Committee * * * is not liable and is accordingly discharged".

The decision is patently erroneous, for Special Fund's liability in this case is not dependent solely upon the immediate or direct cause of death. Rather, the issue is whether a dust disease, in this case asbestosis, was a contributory factor in decedent's demise (see, Matter of Collins v Aluminum Co., 56 AD2d 965, 966, affd 44 NY2d 692). Thus, Special Fund will be discharged if the dust disease is neither a direct cause of decedent's death nor a precipitant thereof (Matter of Viskovich v Keasbey Co., 36 AD2d 665, lv denied 29 NY2d 483). Where, as here, there is medical proof that a dust disease was a precipitant of the direct cause of death, a Board decision to discharge Special Fund which focuses solely upon the direct cause of death is irrational and must be reversed.

■ Special Fund argues that since the Board's decision mentions only the direct cause of death, it should be construed as including a finding that there were no contributory or precipitating factors. We reject the argument for several reasons. The Board's decision requires a certain amount of reconstruction just to make it understandable, and further reconstruction to expand its reasoning and make it rational as well is not a proper function of this court. Next, the argument advanced by Special Fund effectively invokes a ground for the Board's decision not actually invoked by the Board and, therefore, we cannot consider it (see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 593).

Lastly, even if the Board's decision could be considered as having found no contributory or precipitating factor in this case, we would nevertheless reverse. The Board's authority in assessing the credibility of witnesses includes the power to selectively adopt or reject portions of a medical expert's opinion (see, e.g., Matter of Rodriguez v Atlantic Gummed Paper Corp., 61 AD2d 873, 874), but as with any administrative determination, the Board's decision in this regard must be supported by substantial evidence (see, Matter of Di Maria v Ross, 52 NY2d 771, 772). In the usual case, substantial evidence is found in conflicting expert opinions (see, e.g., Matter

*of Rodriguez v Atlantic Gummed Paper Corp., supra),* although inconsistencies within an expert's opinion have been held to justify the Board's decision not to adopt the opinion in toto and to " 'rationalize and reason upon the record as a whole and take a realistic view in making its determination' " *(Matter of Manzer v Atlantic Richfield Co.,* 46 AD2d 963, 964, quoting *Matter of Zaepfel v du Pont de Nemours & Co.,* 284 App Div 693, 696, *affd* 309 NY 962). Special Fund argues that conflicting medical opinions exist in this case because the certificate of death contains no information in the spaces provided for causes other than the immediate cause *(see, Matter of Zivitz v J & S Meat Corp.,* 114 AD2d 709, *affd* 67 NY2d 868). It can hardly be said that the Board found these blank spaces significant, since its decision contains no mention of them. Nor can they be said to be so significant in this case as to justify the rejection of the undisputed medical proof that asbestosis was a precipitating cause of the cancer. Decedent died some 14 months after he had been diagnosed as having the cancer. His death within the foreseeable future was an anticipated consequence of the diagnosis. No autopsy was performed, and there is nothing in the record to suggest that the certifying physician had available to him the information necessary to determine whether a contributing or precipitating factor existed; nor does it appear that he had any reason to inquire as to whether such a factor existed.

Since the Board's decision is erroneous and lacks a rational basis in the record, it must be reversed.

MAHONEY, P. J., KANE, MAIN and LEVINE, JJ., concur.

Decision reversed, with costs against the Special Funds Conservation Committee, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith.