1999 ME 162

**Michael A. DERRIG**

v.

**FELS COMPANY et al.**

Supreme Judicial Court of Maine.

Argued Oct. 5, 1999.

Reargued Feb. 8, 2000.

Decided March 7, 2000.

James J. MacAdam, Jeffrey L. Cohen, (orally), McTeague, Higbee, MacAdam, Case, Cohen, & Whitney, P.A., Topsham, for employee.

Thomas R. Kelley, (orally), John M. McCallum, Robinson, Kriger & McCallum, (for Burns & Roe), Elizabeth Knox Peck, (orally), Paul C. Catsos, Thompson & Bowie, (for Fels Company & Aetna Casualty), Daniel Rosenthal, (orally), Robert C. Brooks, Verrill & Dana, LLP, Portland, (for Fels Company & Hanover Ins.), for employers.

John F. Lambert Jr., (orally), Thomas V. Laprade, Lambert, Coffin, Rudman & Hochman, Portland, (for Maine Workers' Comp. Residual Market Pool), for amicus curiae.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] The employee, Michael Derrig, appeals from a decision of the Workers' Compensation Board denying his petitions for award related to an injury which Derrig alleges arose out of his employment as a pipefitter for numerous employers over a period of twenty years. The Board concluded that Derrig failed to show that his employment with either of the two employers named in the petitions made a significant contribution to his spinal injury. Because the factual findings of the Board are internally inconsistent, we vacate the decision and remand for clarification.[1]

[¶ 2] Derrig had worked as a union pipefitter from 1973 to 1993 for numerous employers. He worked primarily for Fels Co. from 1979 to 1989, when Fels went out of business, and then for various employers until he worked for Burns & Roe in 1993. Derrig filed petitions against Fels and Burns & Roe, alleging dates of injury in 1984, 1987, and 1993. The Board found that "Derrig has been unable to carry his burden of persuasion to establish that he sustained injuries gradually to September 25, 1984 and April 24, 1987" and that Derrig "was unable to establish, based upon the medical records from 1984 on, that he had suffered injuries either in 1984 or 1987 which made significant contributions to the disability which ultimately resulted when he needed surgery in the fall of 1993 as required by § 201(4)." Similarly, with respect to Derrig's employment with Burns & Roe, the Board, again citing 39–A M.R.S.A. § 201(4) (Pamph.1999),[2] stated: "The employee has been unable to establish that the work he did for Burns and Roe made a significant contribution to the disability which resulted when his preexisting condition required surgery."

[¶ 3] The findings made by the Board which appear to be contrary to the above findings are the following: (1) "Basically the heavy work this man did from 1973 on affected his back perceptibly by 1984;" and (2) "There is no real question that the heavy work he did as a pipe fitter between 1973 and 1993 contributed to his degenerative spine condition and requiring [sic] surgery much earlier than might have otherwise been the case."

[¶ 4] These latter findings raise the issue of whether Derrig suffered a compensable gradual injury. In *Ross v. Oxford Paper Co.*, 363 A.2d 712, 713–15 (Me.1976), we held that an employee's carpal tunnel injury resulting from twenty-five years of employment at a paper mill, was a compensable "personal injury arising out of and in the course of employment," for purposes of former 39 M.R.S.A. § 51(1) (1989), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8, *codified as* 39–A M.R.S.A. § 201(1) (Pamph.1999). The carpal tunnel condition was described in *Ross* as "a gradual injury, cumulatively caused by repeated trauma to the hands." *Ross*, 363 A.2d at 714. We expressly held in *Ross* that the removal of the phrase "by accident" from the "arising out of" requirement in former section 51 permitted compensation for gradual injuries and did not limit injuries to those caused by sudden

---

1. We issued a decision in this matter on November 18, 1999, vacating the Board's decision. The employers and insurance companies moved for reconsideration, and by separate order of March 6, 2000, we grant the motion. The decision issued on November 18, 1999 is withdrawn and replaced by this decision.

2. Subsection 201(4) provides:

   If a work-related injury aggravates, accelerates or combines with a preexisting physical condition, any resulting disability is compensable only if contributed to by the employment in a significant manner.

traumatic precipitating events. *Id.* at 713–15. *See also Townsend v. Maine Bureau of Pub. Safety,* 404 A.2d 1014, 1017 (Me. 1979) (compensability of gradual mental injuries).

[¶ 5] The Board's findings that Derrig's heavy work between 1973 and 1984 "affected his back perceptibly" and that the twenty years of heavy work as a pipefitter "contributed to his degenerative spine condition" which required surgery, might make this case analogous to *Ross.* Because the Board appears to have applied subsection 201(4) in determining whether there was a gradual injury, we are unable to decipher whether the Board actually found a gradual injury.

 [¶ 6] Subsection 201(4) is not applicable in the initial determination of whether an employee has suffered a work-related injury. If the employee is found to have an injury, then subsection 201(4) is applied if the employee has a condition that preceded the injury. If the injury aggravated, accelerated, or combined with the preexisting condition, the resulting disability is compensable if the employment contributed to it in a significant manner. *See* § 201(4). This analysis is utilized whether the injury is the result of a single event or whether the injury is a gradual one.

[¶ 7] A gradual injury is a single injury caused by repeated, cumulative trauma without any sudden incapacitating event. Treating each period of employment as a separate "injury" is inconsistent with the concept of a gradual injury as a single condition occurring gradually over a long period of time.[3] The employee, however, must establish the date of the injury which is the date the employee is aware of the injury and aware of its compensable nature. *See Farrow v. Carr Bros. Co.,* 393 A.2d 1341, 1343 (Me.1978).

[¶ 8] Because the Board appears to have applied subsection 201(4) in making the initial determination of whether Derrig suffered a gradual injury and because it made inconsistent findings, we vacate and remand so that the Board can determine whether Derrig suffered a gradual injury. If he suffered a gradual injury, the Board should then determine whether he is entitled to benefits.

The entry is:

The decision of the Workers' Compensation Board is vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.

---

3. Requiring an employee, who has suffered a gradual injury, to prove that each separate employment was a "significant" aggravation of the injury would render it virtually impossible for an employee who has worked for several employers to establish liability for a gradual injury. Employees, like the employee in *Ross,* who suffer gradual injuries while employed by a single employer, would be entitled to compensation, but employees who work for several employers would not. We see no evidence of a legislative intent, either in the statutory language or legislative history, to support such disparate treatment of employees with work-related conditions. Indeed, when subsection 201(4) was enacted, the gradual injury concept was an accepted "term of art" in workers' compensation parlance. If the Legislature intended to restrict the compensability of gradual injuries, it would have made that intent clear by express statutory language.