■ In the Matter of the Claim of MARIE A. CAPEZZUTI, Appellant, v GLENS FALLS HOSPITAL et al., Respondents. WORKERS'

COMPENSATION BOARD, Respondent. [722 NYS2d 620] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed March 16, 2000, which, *inter alia*, ruled that claimant voluntarily left the labor market and denied her claim for workers' compensation benefits.

Claimant, a registered nurse certified in obstetrics, filed the instant claim for benefits in December 1996 alleging that she had been unable to work since July 12, 1996 as the result of a severe latex allergy. Following an initial round of hearings, accident, notice and causal relationship were established for latex sensitivity, and claimant was awarded benefits from December 3, 1996 through July 1, 1997, whereupon claimant's benefits were discontinued due to a lack of up-to-date medical documentation. Claimant challenged that determination and a hearing ensued, at the conclusion of which a Workers' Compensation Law Judge (hereinafter WCLJ) found, insofar as is relevant to this appeal, that there was no medical evidence to support an award of benefits for the period from December 3, 1996 to January 9, 1997 and, further, that claimant voluntarily withdrew from the labor market as of July 1, 1997. The Workers' Compensation Board subsequently affirmed the WCLJ's determination, prompting this appeal by claimant.

Initially, we agree with claimant that the Board erred in finding that there was insufficient medical evidence to support an award of benefits from December 3, 1996 to January 9, 1997. As claimant correctly points out, and the record so reflects, the carrier/employer stipulated as to causation and acknowledged that the issue before the WCLJ was the degree of claimant's disability since December 1996. Moreover, the various medical reports contained in the record plainly established that claimant repeatedly was instructed both before and after the period in issue to avoid exposure to latex and, further, that the hospital in which she worked was not a latex-free environment. Given the record evidence of claimant's continuing disability during the subject period, the mere fact that none of the physicians who examined her submitted a report between December 3, 1996 and January 9, 1997 is an insufficient basis upon which to deny her benefits. Accordingly, the Board's ruling that there was no medical evidence of an ongoing causally related disability between December 3, 1996 and January 9, 1997 is not supported by substantial evidence, and the Board's decision is reversed to that extent.

Next, claimant contends that the Board erred in concluding that she voluntarily withdrew from the labor market. "Whether a claimant has voluntarily withdrawn from the labor market is

a question of fact for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed [citation omitted]" (*Matter of Brockington v University of Rochester*, 266 AD2d 595, 596). To be sure, the record here establishes that claimant must avoid exposure to latex. Additionally, claimant testified that the employer's disability carrier conducted a job search for her, which revealed that there was no latex-free environment within 60 miles of claimant's residence in which a nurse with her training could work. The record also discloses, however, that claimant has no disability whatsoever when she is not exposed to latex and, further, that her own job search was exceedingly limited. Indeed, claimant conceded that she had not looked for employment in the nursing field since July 1996. In short, although the bulk of claimant's marketable skills are related to the medical profession, given her education, training and experience, coupled with her somewhat diminished efforts to seek alternative employment, we cannot say that the Board's finding that claimant voluntarily withdrew from the labor market is not supported by substantial evidence in the record as a whole. Claimant's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as found that there was insufficient medical evidence to support an award of benefits for the period from December 3, 1996 to January 9, 1997; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.