■ In the Matter of the Claim of ABDUL-LATEEF AMEEN, Appellant, v MTA LONG ISLAND BUS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [741 NYS2d 322] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed March 29, 2001, which, inter alia, ruled that claimant had no further causally related disability.

Claimant suffered a work-related injury on November 13, 1996 for which he received workers' compensation benefits at various tentative rates until a September 11, 1998 hearing when a Workers' Compensation Law Judge (hereinafter WCLJ) ordered payments terminated and the case continued for

testimony by claimant and medical witnesses. In a subsequent decision filed November 7, 2000, the WCLJ found no further causally related disability relying, in part, on the treatment records of claimant's chiropractor which reflect that claimant was symptom free as of October 16, 1998. The WCLJ also noted that claimant's treating orthopedist testified that he had considerable doubts about the authenticity of claimant's complaints.

On appeal, a panel of the Workers' Compensation Board rescinded the WCLJ's decision on the ground that, in addition to the aforementioned testimony, the WCLJ apparently based his decision on a precluded medical report. Nonetheless, the Board proceeded to review the entire record, including all of the properly admitted medical testimony, and found no causally related disability subsequent to October 16, 1998. After characterizing claimant's testimony as "entirely lacking in credibility," it also found that claimant's efforts at securing employment, even within the limitations set by his own health-care providers, were so insufficient as to warrant the additional finding that he voluntarily withdrew from the labor market thereby precluding any further award of benefits. Claimant appeals from the Board's decision, and we now affirm.

Fundamentally, so long as its ultimate decision is supported by substantial evidence, the Board may "selectively adopt or reject portions of a medical expert's opinion" (*Matter of Smith v Bell Aerospace*, 125 AD2d 140, 142; *see, Matter of Ferber v New York Dept. of Corrections*, 220 AD2d 915). Moreover, "inconsistencies within an expert's opinion * * * [may] justify the Board's decision not to adopt the opinion in toto and to ' "rationalize and reason upon the record as a whole and take a realistic view in making its determination" ' " (*Matter of Smith v Bell Aerospace, supra* at 143, quoting *Matter of Manzer v Atlantic Richfield Co.*, 46 AD2d 963, 964, quoting *Matter of Zaepfel v du Pont de Nemours & Co.*, 284 App Div 693, 696, *affd* 309 NY 962). With these precepts in mind, we reject claimant's contention that the Board was compelled to adopt the opinions of his medical witnesses that he continues to suffer from a disability, especially in light of the glaring inconsistencies in these witnesses' testimonies. Nor do we have any basis for finding a lack of substantial evidence to support the Board's additional determination that claimant voluntarily withdrew from the labor market (*see, Matter of Capezzuti v Glens Falls Hosp.*, 282 AD2d 808, 810; *Matter of Phelps v Phelps*, 277 AD2d 736, 740) or that the Board erred in considering testimony of claimant's family income and expenses since such evidence bore directly on the issue of his credibility.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.