■ In the Matter of the Claim of PHILIP M. VIAU, Appellant, v WALSH TRUCKING SERVICES, LLC, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 425] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed March 28, 2001, which ruled that claimant did not sustain a further causally related disability.

Claimant, a truck driver, pulled a muscle in the right side of his chest on May 23, 1997 while turning the steering wheel of a tractor trailer. He immediately sought medical treatment and his employer filed a C-2 report of injury. Thereafter, on September 9, 1997, claimant was backing a tractor trailer into a loading dock when a tire caught the curb causing the steering wheel to twist and claimant to strain his right rib muscle. He again sought prompt medical treatment and his employer filed a second C-2 report of injury. Claimant returned to work after both incidents. On February 28, 1998, he sought medical treatment after experiencing pain in his neck and shoulders, running down to his arms and hands. He eventually stopped working.

A Workers' Compensation Law Judge (hereinafter WCLJ) established claimant's case for injury to the right chest arising from the May 23, 1997 incident. The employer's workers' compensation carrier, however, controverted the claim arising from the September 9, 1997 incident. In March 1999, claimant sought to have injuries to his hands, wrists, elbows and shoulders included in the claims arising from the May 23, 1997 and September 9, 1997 incidents. Further hearings were held before a WCLJ after which the WCLJ found that the claims arising from both incidents should be established for injuries to claimant's arms, torso, upper body and neck. On appeal, the Workers' Compensation Board reversed the WCLJ's decision, finding that "claimant has failed to establish a causal relationship between his head, neck and arm injuries and either accident in the course of his employment." Claimant appeals.

We affirm. Upon reviewing the record, we find that substantial evidence supports the Board's finding of the lack of a causal relationship between the incidents of May 23, 1997 and September 9, 1997 and the injuries to claimant's head, neck and arms. Claimant testified that after the May 23, 1997 incident, he experienced pain in his chest radiating up to his shoulders, but that it did not become severe until September 1997. He indicated that after the September 9, 1997 incident, he experienced pain in his chest, as well as his neck, arms, wrists and shoulders. He stated that he sought medical treatment from family practitioner Ethan Flaks in February 1998

because the pain in his neck and shoulders was getting worse. Claimant testified that he had an MRI in September 1998 which revealed two herniated discs in his cervical spine for which he subsequently underwent surgery. According to claimant, he injured his neck when his head struck the inside of the cab of the tractor trailer. His testimony, however, was inconsistent as to whether this occurred during the May 23, 1997 incident, the September 9, 1997 incident or both.

Not only is claimant's testimony internally inconsistent, but it is at variance with (1) the C-2 reports of injury that he completed after the incidents in question which did not reference any injury to his head or neck, (2) the testimony of the employer's director of loss prevention and safety and its terminal manager that claimant did not report any neck injury after either incident, and (3) the medical reports prepared by the physicians who examined claimant after each incident which make no reference to claimant striking his head or injuring his neck.

Both claimant's treating physician and his surgeon, in opining that claimant's neck, shoulder and arm injuries were causally related to the May 23, 1997 and September 9, 1997 incidents, relied on claimant's later complaints of neck pain which they attempted to relate back to these incidents despite the complete absence of any supporting documentation. Moreover, neither doctor could apportion the degree to which each incident contributed to these injuries nor could they rule out other contributing factors.

As the Board's determination rested on an evaluation of this evidence, a process exclusively within the province of the Board, particularly when the issue is one of causality (*see Matter of Kramer v Ultra Blend Corp.*, 297 AD2d 890, 891; *see also Matter of Jean-Lubin v Home Care Servs. for Ind. Living*, 295 AD2d 825, 826), we find no reason to disturb its decision.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.