■ In the Matter of the Claim of Ralph Lebron, Respondent, v MTA, Long Island Bus Authority, Appellant. Workers' Compensation Board, Respondent. [764 NYS2d 487] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed February 28, 2002, which ruled that claimant sustained a compensable injury.

Claimant, a bus driver, sustained injuries to his neck, shoulder and back in a work-related automobile accident and filed a claim for workers' compensation benefits. Victor Gold,

claimant's orthopedic surgeon, examined claimant one month after the accident and diagnosed acute cervical and lumbosacral sprains, which rendered claimant severely to totally disabled. Robert Moriarty, an independent medical examiner, similarly diagnosed claimant with cervical and lumbar sprains, but concluded that claimant suffered from only a "moderate partial disability." Thereafter, the employer hired a private investigator and obtained videotape showing claimant cleaning and vacuuming his car, frequently squatting to enter and exit his vehicle, carrying an upholstery machine, carrying garbage cans and bending over on numerous occasions. Based on this videotape, Moriarty issued an addendum to his original report, stating that claimant sustained "no discernable disability" and that he "could return back to gainful employment without restriction."

Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) rejected Gold's diagnosis of a severe to total disability as inconsistent with the videotape, but further rejected Moriarty's addendum since it was "an interpretation of lay evidence by an 'expert' witness outside the area of his medical expertise, and should not be accorded the probative weight of expert testimony." As a result, the WCLJ concluded that Moriarty's original evaluation was the most credible medical evidence available and, thus, classified claimant as having a "permanent moderate partial disability." On appeal, the Workers' Compensation Board affirmed, concluding that, although the WCLJ had improperly rejected Moriarty's addendum, the entire record, including the video surveillance tape, supported the WCLJ's finding of a moderate partial disability. The employer appeals.

The employer's sole contention on this appeal is that there is insufficient evidence to support the Board's decision. We disagree. At the hearing before the WCLJ, Gold reiterated his diagnosis of cervical and lumbosacral sprains and stated that, as a result of these injuries, claimant's disability is very severe to total. Gold further testified that, although he had not seen the videotape, evidence that claimant cleaned his car, frequently bent over or engaged in similar activities would not affect his diagnosis since such activities would be consistent with the general "waxing and waning" of claimant's symptoms and the fact that claimant may "feel better and * * * be able to extend himself a little bit more" on certain days. Moreover, Gold corroborated claimant's testimony that the pain and discomfort of steering, sitting for extended periods of time and moving his neck back and forth prevents claimant from driving

a bus. This evidence, coupled with Moriarty's original diagnosis of a moderate partial disability, provides substantial evidence to support the Board's determination that claimant has a moderate partial disability. Although Moriarty's addendum stated that claimant does not suffer from any disability and is able to continue gainful employment without restrictions, it was the province of the Board to selectively adopt that portion of Moriarty's opinion which coincided with Gold's diagnosis (*see Matter of Ameen v MTA Long Is. Bus*, 293 AD2d 957, 958 [2002]) and to resolve this conflicting medical evidence in claimant's favor (*see Matter of Thomas v City of Albany School Dist.*, 307 AD2d 664, 665 [2003]; *Matter of Harrington v L.C. Whitford Co.*, 302 AD2d 645, 647 [2003]). To the extent that the employer asserts that the WCLJ erred in discrediting Moriarty's addendum, we simply note that the Board expressly overturned this ruling, thereby rendering the employer's argument on this point irrelevant.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.