■ In the Matter of the Claim of Sharon Valentin, Appellant, v THB Intermediaries Corporation et al., Respondents. Workers' Compensation Board, Respondent. [782 NYS2d 297]—

Spain, J.P. Appeal from a decision of the Workers' Compensation Board, filed March 24, 2003, which, inter alia, ruled that claimant did not sustain a further causally related disability.

Claimant, who had been employed as a secretary in a building near the World Trade Center on the morning of the September 11, 2001 terrorist attacks, filed for workers' compensation benefits, alleging that her evacuation from the building and subsequent exposure to smoke and debris from the destruction of that day had given her respiratory distress. Her claim for occupational asthma, uncontroverted by the employer's workers' compensation carrier, was established shortly thereafter. However, upon claimant's subsequent attempts to amend the claim to add posttraumatic stress disorder and numerous additional injuries, the carrier controverted all claims. Following several hearings, the Workers' Compensation Law Judge established claimant's case for asthma and posttraumatic stress disorder through February 2002, but determined that claimant had failed to demonstrate a further causally related disability for either claim after that date. Claimant's application to add the additional injury sites was also denied. The Workers' Compensation Board affirmed, prompting claimant's appeal.

As substantial evidence supports the Board's decision in all respects, it must be affirmed. The carrier's physician, Carl Friedman, examined claimant in March 2002 and unequivocally stated that claimant was no longer disabled by asthma and was able to return to work. Likewise, the Board's rejection of claimant's posttraumatic stress disorder claim was amply supported by the report and testimony of psychiatrist Peter Aldin, who thoroughly examined claimant in February 2002 and, noting her defensive attitude and evasive accounts of recurring nightmares, decreasing mental deterioration and reported inability to function in daily life, concluded that her claims were greatly exaggerated and highly incredible. Contrary to claimant's assertion, it was not unreasonable for the Board to accept Aldin's opinion that claimant was not psychiatrically disabled as of February 2002, but nevertheless determine that the

posttraumatic stress disorder claim had been established prior to this time. Aldin's testimony focused primarily on his present observations of claimant at the February 2002 exam and rendered an opinion only as to her present lack of disability. In any event, the Board is free to selectively credit and reject portions of the medical testimony presented where, as here, its ultimate decision is supported by substantial evidence (*see Matter of Ameen v MTA Long Is. Bus*, 293 AD2d 957, 958 [2002]; *Matter of Smith v Bell Aerospace*, 125 AD2d 140, 142 [1987]).

We agree with the Board that the C-4s submitted by claimant's treating physicians subsequent to February 2002 were insufficient to prove a continuing disability for either occupational asthma or posttraumatic stress disorder. The C-4s, many of which were incomplete and provide little or no detail about the claimed injuries' causal relationship, were not accompanied by a medical history or any other narrative or report specifically linking her claims to the date of her injury. Mindful of claimant's burden to prove a continuing disability, which may not be automatically presumed under the Workers' Compensation Law, we discern no error in the Board's decision (*see Matter of Rothe v United Med. Assoc.*, 2 AD3d 1264, 1265 [2003]).

Substantial evidence also exists to support the Board's determination that claimant did not establish her claim for additional injury sites. We note that claimant did not report any of these injuries in her original claims for compensation, nor do they appear in her medical records until several months after September 11, 2001. As the sole and final arbiter of witness credibility, the Board was also entitled to reject claimant's account of her injuries based on the numerous inconsistencies in her testimony, statements of her coworkers and histories provided in the medical reports (*see Matter of Viau v Walsh Trucking Servs.*, 301 AD2d 883, 884 [2003]; *Matter of Moore v J & R Vending Corp.*, 297 AD2d 887, 888 [2002]). For all of these reasons, we decline to disturb the Board's decision.

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.