2004 ME 135

**Anna M. SANDERS**

v.

**SEASIDE NURSING HOME et al.**

Supreme Judicial Court of Maine.

Argued: Sept. 23, 2004.
Decided: Nov. 3, 2004.

Jeffrey Neil Young, Esq. (orally), McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A., Topsham, for employee.

Robert W. Bower Jr., Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, for employer.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Seaside Nursing Home appeals from a decision of a hearing officer of the Workers' Compensation Board *(Jerome, HO )*, granting Anna M. Sanders's petition for award. Seaside contends that, because the hearing officer found Sanders's condition returned to baseline shortly after the exposure, Seaside has no ongoing obligation to pay incapacity benefits. We agree and vacate the decision.

## I. BACKGROUND

[¶ 2] Anna M. Sanders has worked for various nursing homes in Indiana, New Orleans, and Maine since the early 1990s. Although she was previously misdiagnosed with other conditions, she was finally conclusively diagnosed with a Level 5 latex allergy in 1997, when she had a respiratory reaction while employed at a retirement home called The Viking Community.

[¶ 3] Sanders's claim for workers' compensation from Viking was ultimately resolved in a lump sum settlement for $60,000. Sanders was advised by an aller-

gy specialist in early 1998 not to work in a nursing home environment, and generally to work only in a latex-free environment. Notwithstanding this advice, after a failed attempt to open her own bakery, she returned to nursing.

[¶ 4] Sanders suffered a second aggravation injury while employed by another nursing home, Brentwood Manor, in December 2001. She received short-term workers' compensation benefits that were discontinued when her allergic condition returned to baseline. She did not return to Brentwood, but began working for Seaside through a temporary agency in February 2002. She became a permanent employee of Seaside in May of 2002. Sanders informed her employer of her latex condition and was assigned to a wing of the facility where latex exposure would be reduced.

[¶ 5] On July 6, 2002, Sanders suffered the work-related exposure that is the subject of this appeal. Sanders returned to work on July 8, but left work with Seaside's consent, so Seaside could evaluate the safety of the workplace. Seaside hired a latex allergy consultant who advised that Sanders should not return to work until a carpet was replaced. Sanders was informed by letter dated July 29, 2002, that, because the carpet reinstallation would not be completed until January of 2003, her job could not be held open until that time and that she would be terminated.

[¶ 6] Sanders obtained post-injury work at various employers in August and October 2002, but resigned due to latex issues. Sanders obtained employment at a new nursing home facility, Ledgewood Manor, in March 2003, and was successfully working at Ledgewood at the time of the hear-

ing in this case approximately six months later.

[¶ 7] Sanders filed petitions for award and to remedy discrimination related to the July 6, 2002, exposure. The hearing officer denied the petition to remedy discrimination, but granted the petition for award, concluding that the exposure was a compensable aggravation of a previous latex allergy pursuant to 39–A M.R.S.A. § 201(4)(2001).

[¶ 8] The central question is the duration of the work-related disability. On this issue, the hearing officer found:

> that Ms. Sanders suffered an exacerbation of her pre-existing condition which lasted only a couple of days and that she was back to her baseline condition thereafter. Unfortunately, Ms. Sanders was not allowed to return to work because the employer determined that the workplace was not safe for her and would not be safe until such time as the carpet replacement project was finished. That project had not been finished as of the time of the last hearing in this matter.

(Footnote omitted). We granted Seaside's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (2001).[1] Sanders has not sought appellate review of her petition to remedy discrimination.

## II. DISCUSSION

[¶ 9] In *Derrig v. Fels Co.,* 1999 ME 162, ¶ 2, 747 A.2d 580, 581, we addressed the situation of an employee, Derrig, who had worked for twenty years as a pipe fitter for a number of different employers through his labor union. The hearing officer found that Derrig had a gradual back injury that was related to those twenty

---

**1.** Seaside did not request further findings of fact and conclusions of law pursuant to 39–A M.R.S.A. § 318 (2001).

years of employment; however, in determining the liability of each employer, the hearing officer treated each period of employment as a separate injury and applied 39–A M.R.S.A. § 201(4) (Pamph.1999). *Id.* This section applies when an employee has a pre-existing injury or condition, and limits liability to cases when a work-injury "aggravates, accelerates or combines with" a previous condition "in a significant manner." *Id.* ¶¶ 2–4, 747 A.2d at 581. The hearing officer concluded that, because Derrig was not able to establish the extent of injury he suffered while employed by each employer, he could not establish that each incremental injury was "significant," and therefore none of the employers in the case were liable for his injury. *Id.*

[¶ 10] We vacated the hearing officer's decision and remanded for a determination whether Derrig had a single gradual injury during the entire twenty years of employment. *Id.* ¶ 8, 747 A.2d at 582. We also concluded that, if Derrig suffered a single gradual injury over a period of years with a number of different employers, it would be error to treat each period of employment with a different employer as a separate work injury. *Id.* ¶ 7 n. 3, 747 A.2d at 582. As we stated,

> [r]equiring an employee, who has suffered a gradual injury, to prove that each separate employment was a "significant" aggravation of the injury would render it virtually impossible for an employee who has worked for several employers to establish liability for a gradual injury. Employees ... who suffer gradual injuries while employed by a

single employer, would be entitled to compensation, but employees who work for several employers would not.

*Id.*

■ [¶ 11] Although Sanders has worked for more than a decade as a medical health professional, there have been no findings in this case that Sanders has a gradual latex allergy injury attributable to those years of employment.[2] The record reflects that she suffered two work-related latex exposures prior to her employment at Seaside, but there are no findings to suggest that the underlying latex allergy is work-related.

[¶ 12] There is no dispute that Sanders suffered a work-related injury as a result of her latex exposure on July 6, 2002. Seaside does not argue that there was no compensable injury; it asserts that, pursuant to the facts as found by the hearing officer, Seaside's liability ended when Sanders returned to her baseline condition shortly after the injury. The hearing officer found that Sanders "suffered an exacerbation of her pre-existing condition which lasted *only a couple of days* and that she was back to her baseline condition thereafter." (Emphasis added).

[¶ 13] Because there is no finding that Sanders had a gradual injury, or that her employment at Seaside exacerbated a gradual injury, it was error for the hearing officer to order the payment of benefits beyond the point that her condition returned to baseline. The hearing officer should have found that the exposure at

---

**2.** We are mindful that the issue concerning the compensability of latex allergies, and other work-related allergies, is an important issue nationally, particularly for health professionals. *See e.g., St. Luke's Hosp. v. Gray,* 604 N.W.2d 646, 650–51 (Iowa 2000); *Ludwick v. Triwest Healthcare Alliance and Physicians Clinic, Inc.,* 267 Neb. 887, 678 N.W.2d 517, 520 (2004); *Capezzuti v. Glens Falls Hosp.,* 282 A.D.2d 808, 722 N.Y.S.2d 620, 621 (2001); *St. Luke's Midland Reg'l Med. Ctr. v. Kennedy,* 653 N.W.2d 880, 884 (S.D.2002); *see generally,* 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* §§ 9.02[1]-[3], at 9–17 to 9–20 (2004).

Seaside was transient in nature and resolved itself within a few days.

 [¶ 14] Under our Workers' Compensation Act (39–A M.R.S.A.) workers are compensated for lost earnings caused by work-related injuries. When the work-related injury results in only a temporary change, compensation is payable only for the duration of that change. *See Wood v. Cives Constr. Corp.*, 438 A.2d 905, 910 (Me.1981). "[A] worker who suffers from no physical disability attributable to the original incident, since he no longer has a disabling 'injury', is simply not entitled to the payment of compensation." *Curtis v. Bridge Constr. Corp.*, 428 A.2d 62, 64 (Me. 1981).

The entry is:

The decision of the Hearing Officer of the Workers' Compensation Board is vacated. Remanded to the Workers' Compensation Board for further proceedings.