STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      CIVIL ACTION
                                                  DOCKET NO. CV-09-159



FIRE TECH & SAFETY OF
NEW ENGLAND, INC.,

            Plaintiff

      v.                                          ORDER


SCOTT TECHNOLOGIES, INC.
d/b/a SCOTT HEALTH & SAFETY
a subsidiary of Tyco International, Ltd.,
and PIERRE DESROCHERS

            Defendants


      Before the Court is defendant Pierre Desrochers's motion to dismiss Count

VI of the Amended Complaint.  For the following reasons, defendant

Desrochers's motion is GRANTED.

      Facts

      In the Amended Complaint, the plaintiff alleges the following facts.  For

over 24 years, plaintiff Fire Tech & Safety of New England, Inc. (Fire Tech) has

been a regional distributor of defendant Scott Technologies, Inc. (Scott) products

in Maine, Massachusetts, New Hampshire, and Vermont.  Scott manufactures

safety devices used primarily by fire and rescue services, government/military,

law enforcement, light industry, manufacturing, energy and utilities, marine ,

and oil and gas.  In New England, Scott controls 85-90% of the market share for

self-contained breathing apparatus.  Defendant Desrochers is a former Fire Tech

employee who now works as a zone manger for Scott.

1

Defendant Desrochers insisted that Scott distributors submit bids on projects in Maine, Massachusetts, New Hampshire, and Vermont that were no lower than the "Mass State Bid"[1] for Scott products. Fire Tech complied with Scott's instructions in some instances, but also submitted bids on occasion that were lower than the Mass State Bid. As a result, Scott would not permit Fire Tech to sell certain products, gave Industrial Protection Services (IPS), Fire Tech's primary competitor, a competitive advantage on certain projects, and allocated projects to prevent competitive bidding between Fire Tech and IPS.

In March 2008, Fire Tech's vice president, Larry Guerette, met with Mike Ryan, the general manager of Scott. Defendant Desrochers later accused Mr. Guerette of "going over his head" and stated that he "could not trust Guerette." Defendant Desrochers next stated that Fire Tech's distributorship agreement would be renewed only if Mr. Guerette specially appointed two Fire Tech employees, William Shrader and David Harrison, to be in charge of the distributorship agreement with Scott. After complying with this request, Fire Tech's distributorship was extended until March 31, 2009.

In December 2008 and January 2009, Mr. Shrader and Mr. Harrison resigned from Fire Tech. Mr. Shrader cited Fire Tech's hostile relationship with defendant Desrochers as a reason for the resignation. William Burk, another Fire Tech employee, resigned in February 2009. Fire Tech alleges that these resignations are the result of defendant Desrochers representing to each employee that Fire Tech's distributorship with Scott was going to be canceled. At a March 31, 2009 meeting with defendant Desrochers and Brandson Millan,

---

[1] In Massachusetts, a governmental discount on products sold to the Commonwealth is recognized. For Scott self-contained breathing apparatus, that price is the list price minus 20%. List price minus 20% is referred to as the "Mass State Bid."

Fire Tech was informed that, effective the following day, Fire Tech would no longer be a Scott distributor, and that it had until May 1 to wind up its Scott business. Fire Tech was also informed that its service center agreements were being terminated. Scott did not provide any good cause for the termination.

After March 31, defendant Desrochers allegedly met with numerous Fire Tech customers, including fire department representatives in Boston, Springfield, Nashua, and South Paris, ME. At these meetings, defendant Desrochers instructed Fire Tech customers that Fire Tech would no longer be authorized to sell or service Scott Products, and that they should contact IPS for future orders or service needs.

Fire Tech filed suit against Scott and alleged, among other things, that the Maine Power Equipment, Machinery and Appliance Act expressly prohibits a manufacturer from canceling or failing to renew a distributorship agreement without good cause and a reasonable opportunity to correct any performance issues. 10 M.R.S.A. § 1363. Fire Tech also filed suit against defendant Desrochers individually, and alleged that he tortiously interfered with Fire Tech's business relations with Fire Tech's employees and customers through fraud and intimidation.

Standard of Review

A motion to dismiss pursuant to M. R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in a complaint, not the sufficiency of the evidence the plaintiffs are able to present." Barnes v. McGough, 623 A.2d 133, 145 (Me. 1993). In ruling on a 12(b)(6) motion to dismiss, the court should "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiffs to determine whether it sets forth elements

3

of a cause of action or alleges facts that would entitle the plaintiffs to relief pursuant to some legal theory." Bussell v. City of Portland, 1999 ME 103, ¶ 1, 731 A.2d 862, 862 "A dismissal is appropriate only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." Dexter v. Town of Norway, 1998 ME 195, ¶ 7, 715 A.2d 169, 171 (quotations omitted).

Discussion

Defendant Desrochers challenges two aspects of count VI of the amended complaint. He argues first that the complaint does not allege sufficient facts for a finding of tortious interference with business relations based on fraud or intimidation. Second, he argues that the complaint is insufficient under the heightened pleading requirements for fraud under M. R. Civ. P. 9(b).

The elements of tortious interference are "a valid contract or prospective economic advantage, interference with that contract through fraud or intimidation, and damages proximately caused by the interference." Sherbert v. Remmel, 2006 ME 116, n.3, 908 A.2d 622, 623 (citing Petit v. Key Bank of Me., 688 A.2d 427, 430 (Me. 1996)). Fire Tech alleges that defendant Desrochers interfered with its business relationship with its employees and customers through both fraud and intimidation, resulting in the employee resignations and customers ceasing to do business with Fire Tech. Defendant Desrochers challenges whether Fire Tech has pleaded facts sufficient for a finding he engaged in fraud or intimidation.

Fraud

When claiming fraud, the plaintiff must allege that the defendant "(1) [made] a false representation (2) of a material fact (3) with knowledge of its

4

falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff." Id. at ¶ 4, 908 A.2d at 623 (quoting Grover v. Minette-Mills, Inc., 623 A.2d 712, 716 (Me. 1994)). Defendant Desrochers allegedly told certain customers and employees that Fire Tech was no longer an authorized Scott dealer and would not continue to sell or service Scott products.

Defendant Desrochers claims that his statements were made in reliance of the terms of the Distributorship Agreement and cites Rutland v. Mullen for the premise that "the assertion of a legal right is insufficient as a matter of law to support a finding of interference by fraud," even if the "claim of right was later proven invalid." Rutland v. Mullen, 2002 ME 98 ¶ 15, 798 A.2d 1104, 1111. The defendants in Rutland owned a parcel of land that was subject to an easement relating to a path over their property. Id. at ¶¶ 2–4, 798 A.2d at 1107-08. They alleged, however, that they owned the path because they believed that the easement had been extinguished or abandoned. Id. The defendants had reasonable arguments supporting the truthfulness of their allegations.

The plaintiff alleges that defendant Desrochers made statements regarding abrupt termination of plaintiff's distributorship agreement without cause, which is expressly prohibited under Maine Law. See 10 M.R.S.A. § 1363. Even assuming that defendant Desrochers's statements regarding the termination were "false misrepresentations . . . as the statements were unreasonable and unlawful under the statute," Smith v. Underwood Spring & Bottling Co., CUMCV-03-539, 2004 Me. Super. LEXIS 156, at *6-7 (July 15, 2004) (Humphrey, J.), the plaintiffs have not alleged knowledge of the falsity of the

representation or reckless disregard of whether the representation was true or false. Romani v. Shearson Lehman Hutton, 929 F.2d 875, 878 (1st Cir. 1991). In Smith, the court concluded that the allegations inferentially suggested that the defendant's owner knew the statements were unlawful because he applied a different rule to the sale of another mobile home. 2004 Me. LEXIS 156, at *7. There is no such inference to be drawn from the allegations in this case.

Intimidation

Intimidation is not restricted to "frightening a person for coercive purposes." Pombriant v. Blue Cross/Blue Shield of Maine, 562 A.2d 656, 659 (Me. 1989). Rather, intimidation may be established by a showing that the defendant has made it "clear to the party with which the plaintiff had contracted that the only manner in which that party could avail itself of a particular benefit of working with defendant would be to breach its contract with plaintiff." Currie v. Industrial Security, Inc., 2007 ME 12, ¶ 31, 915 A.2d 400, 408 (internal quotations omitted). Interference by intimidation involves "unlawful coercion or extortion." Rutland, 2002 ME at ¶ 16, 798 A.2d at 1111.

Defendant Desrochers allegedly told Fire Tech employees that Fire Tech's distributorship with Scott was to be canceled. He allegedly told Fire Tech's customers that Fire Tech would no longer be authorized to sell or service Scott Products, and that they should contact IPS for future orders or service needs. Once again, a person who "claims to have, or threatens to lawfully protect" a right has not unlawfully coerced or extorted another. Id.[2]

---

[2] The defendant argues further that the plaintiff has failed to comply with Rule 9(b). M.R. Civ. P. 9(b). Rule 9(b) provides that when pleading matters involving fraud, the complaint shall set forth the circumstances constituting fraud "with particularity." "This standard means that a complaint 'must specify the time, place, and content of an alleged false representation.'" United States ex

The entry is

> Defendant Scott Technologies, Inc. d/b/a Scott
> Health & Safety's Motion to Dismiss is GRANTED.
> Count VI of the Amended Complaint is DISMISSED.

Date: October 7, 2009

Nancy Mills
Justice, Superior Court

KENN-CV-09-159

---

rel. Gagne v. City of Worcester, 565 F.3d 40, 45 (1st Cir. 2009) (quoting United States ex rel. Rost v. Pfizer, Inc., 507 F.3d 720, 731 (1st Cir. 2007)). The Law Court has held that "Maine's Rules 8(a) and 9(b) are practically identical to the comparable federal rules." Bean v. Cummings, 2008 ME 18, ¶11, 939 A.2d 676, 680.

Here, plaintiff has identified the time, place, and content of the alleged fraud. The content of the fraud related to defendant Desrochers's statements that Fire Tech would no longer be an authorized distributor. These statements were made at meetings held in early Spring 2009. See United Fish Co. v. Barnes, 627 F. Supp. 732, 734 (D. Me. 1986) (holding an approximate time frame in which the fraudulent conduct was alleged to have occurred is sufficient under the rule). Plaintiff further referenced letters from customers during that time frame in the Amended Complaint, providing a factual basis for the allegations. See Romani v. Shearson Lehman Hutton, 929 F.2d 875, 878 (1st Cir. 1991). The fraud claims as to the customers are sufficient under Rule 9(b).

Fire Tech has failed to identify adequately the circumstances of the alleged fraudulent statements with regard to the employees. The fraud claim as to the employees appears to be based on no more than the fact that three employees terminated their employment, despite strong sales, within three months of Scott's termination of plaintiff as a distributor, and that defendant Desrochers was increasingly outraged with Fire Tech during that time period. Fire Tech cannot rest on vague allegations and must instead allege the time, place, and content of an allegedly fraudulent misrepresentation. See Johnson v. Gahagan, CUMSC-CV-00-576, 2001 Me. Super. LEXIS 53, at *8 (Apr. 5, 2001) (Crowley, J.).

STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss                            CIVIL ACTION
                                        Docket No. CV-09-159

FIRE TECH & SAFETY OF
NEW ENGLAND, INC.,

        Plaintiff                       ORDER ON MOTION TO
                                        COMPEL ARBITRATION
v.

SCOTT TECHNOLOGIES, INC.
d/b/a SCOTT HEALTH & SAFETY
a subsidiary of Tyco International, Ltd.,
and PIERRE DESROCHERS,

        Defendants


The defendant Scott Technologies, Inc. d/b/a Scott health & Safety moves to compel arbitration. The defendant argues correctly that pursuant to the Federal Arbitration Act and Buckeye Check Cashing, Inc. v. Cardegna, this dispute must be submitted to arbitration.

The Act provides that "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such contract, transaction or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 USCS § 2. The Supreme Court has explained that absent a challenge to the arbitration clause itself, the arbitrator decides in the first instance the issue of the contract's validity. Buckeye, 546 U.S. at 445-46 (2006).

Fire Tech challenges the legality of the contract as a whole under Maine Power Equipment, Machinery and Appliance Act and not the contract's arbitration provisions. Id. at 446. Accordingly, the parties' arbitration requires that the plaintiff's challenge go to the arbitrator. Id. at 449.

The entry is

> Defendant Scott Technologies, Inc. d/b/a Scott Health & Safety's Motion to Compel Arbitration is GRANTED.

Date: October 6, 2009

Nancy Mills
Justice, Superior Court

2