■ In the Matter of the Claim of DOROTHY BECK, as Widow of EDWARD BECK, Deceased, Claimant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [10 NYS3d 651]—

Garry, J. Appeal from an amended decision of the Workers' Compensation Board, filed January 24, 2013, which ruled, among other things, that the employer and its third-party administrator were not entitled to reimbursement from the Special Disability Fund.

In 1997, claimant's husband (hereinafter decedent) established a claim for workers' compensation benefits for asbestos related pleural disease and chronic irritative bronchitis, resulting from prolonged asbestos exposure at work. Following his death from lung cancer in 2005, claimant applied for death benefits. The employer and its third-party administrator (hereinafter collectively referred to as the employer) opposed and, in the alternative, sought reimbursement for the death benefits from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8). The Workers' Compensation Board ultimately awarded claimant death benefits and determined, among other things, that reimbursement from the Fund was inappropriate. The employer now appeals.

Initially, the employer has not demonstrated that, but for a preexisting permanent impairment, decedent's death would not have occurred (see Matter of Shepler v City of Tonawanda, 67 AD3d 1313, 1313-1314 [2009]). Accordingly, the Board properly denied reimbursement from the Fund pursuant to Workers' Compensation Law § 15 (8) (e) (see Matter of Smith v Pfaudler Co., Div. of Sybron Corp., 58 AD2d 902, 902-903 [1977]).

The employer also argues that the Board erred in denying

reimbursement for the death benefits under Workers' Compensation Law § 15 (8) (ee). Such reimbursement from the Fund "require[s] a showing that decedent's lung cancer [was] causally related to, or was precipitated by, a dust disease such as asbestosis" (*Matter of Gillard v Consolidated Edison of N.Y., Inc.*, 115 AD3d 1121, 1122 [2014] [internal quotation marks and citation omitted]; *see* Workers' Compensation Law § 15 [8] [ee]; *Matter of Smith v Bell Aerospace*, 125 AD2d 140, 142 [1987]). In situations "where a dust disease is not a direct cause of death, but is merely a contributory factor or precipitant to a [decedent's] death, the reimbursement rules related to dust disease cases are applicable" (*Matter of Fama v P & M Sorbara*, 29 AD3d 170, 174 [2006] [internal quotation marks and citation omitted], *lv dismissed* 7 NY3d 783 [2006]; *see Matter of Smith v Bell Aerospace*, 125 AD2d at 142). Here, the Board found that reimbursement pursuant to Workers' Compensation Law § 15 (8) (ee) was inapplicable due to the fact that decedent's underlying claim had not been established for asbestosis. In our view, however, the relevant inquiry for the Board under the statute is not whether decedent's prior disability claim was established for asbestosis, but whether there is a causal link between his death from lung cancer and asbestosis related to his employment (*see* Workers' Compensation Law § 15 [8] [ee]). Notably, the Board denied reimbursement here despite acknowledging that "decedent might have been diagnosed with asbestosis prior to his death" (*compare Matter of Gillard v Consolidated Edison of N.Y., Inc.*, 115 AD3d at 1122-1123). Accordingly, the matter must be remitted so the Board may address this issue.

Lahtinen, J.P., Lynch and Clark, JJ., concur. Ordered that the amended decision is modified, without costs, by reversing so much thereof as denied reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (ee); matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.